**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Benjamin HITCHCOCK, Defendant-**
**Appellant.**

No. 72–1308.

United States Court of Appeals,
Ninth Circuit.

Oct. 3, 1972.

Rehearing Denied Oct. 31, 1972.

Certiorari Denied Jan. 22, 1973.
See 93 S.Ct. 973.

Tom Karas, Federal Public Defender, Phoenix, Ariz. for defendant-appellant.

William C. Smitherman, U. S. Atty., Thomas N. Crowe, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before BARNES, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Hitchcock appeals his conviction by a jury of six counts of presenting fraudulent income tax refund claims to the Internal Revenue Service. He was already serving a life term for murder in the Arizona State Prison when he committed these tax offenses for which he received six concurrent five year sentences to run consecutively to his life sentence. We affirm.

Appellant's Arizona prison cell was searched without a warrant and documentary evidence was found which was received by the court over appellant's motion to suppress. He contends that his Fourth Amendment right was violated by the warrantless search and seizure in his prison cell. We disagree.

In Katz v. United States, 389 U. S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the Supreme Court enunciated a new standard for determining the limitations of the Fourth Amendment. Until now, this court has not been faced with the problem of applying this new test to searches involving prison inmates. The protection of the Fourth Amendment no longer depends upon "constitutionally protected" places. Instead, we must consider "first that a person have exhibited an actual (subjective) expectation of privacy and second, that the expectation be one that society is prepared to recognize as 'reasonable.' " Katz, supra at 361, 88 S.Ct. at 516 (Harlan, J., concurring).

While Hitchcock plainly had the requisite subjective intent to keep the documents private, we do not think that his expectation was reasonable. "But to say that a public jail is the equivalent of a man's 'house' . . . is at best a novel argument. . . . it is obvious that a jail shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. In prison, official surveillance has traditionally been the order of the day." Lanza v. New York, 370 U.S. 139, 143, 82 S.Ct. 1218, 1220, 8 L.Ed.2d 384 (1962). See Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948). We do not feel that it is reasonable for a prisoner to consider his cell private. Therefore, the search did not violate the limitations of the Fourth Amendment.

Affirmed.