STATE OF NEBRASKA, APPELLEE, v. MARDEN MAYES, APPELLANT.

212 N. W. 2d 623

Filed December 7, 1973. No. 39108.

T. Clement Gaughan and Richard L Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant appeals his conviction for escape from custody and urges two assignments of error. He contends: (1) The facts proved at the trial do not constitute a crime under section 83-184, R. R. S. 1943; and (2) the court erred in overruling his motion to dismiss. We affirm.

Defendant was sentenced to the Nebraska Penal and Correctional Complex on June 22, 1972, for a term of 8 years. He was subsequently transferred to the Veterans Hospital in Lincoln, Nebraska, for medical treatment. On September 30, 1972, the Veterans Hospital, without the permission of the Penal and Correctional Complex authorities issued defendant a pass to the Nebraska-Minnesota football game. He did not attend the game nor did he return to the Veterans Hospital or to the Penal and Correctional Complex. On October 17, 1972, he was arrested in Gulfport, Mississippi, and subsequently was returned to the Penal and Correctional Complex.

Upon his return he was deprived of 26· days of previously earned good time by the good time forfeiture board. He was also charged with the costs incurred in returning him from Mississippi. On May 3, 1973, defendant was sentenced to a term of 1 year in the Penal and Correctional Complex, to run consecutively to the sentence then being served.

Defendant seems to be laboring under the misappre-

hension that since permission to attend the football game was given by the Veterans Hospital and not by the Director of Corrections, he could go where he pleased, and be guilty of no crime. We are unable to accept this premise.

Defendant was lawfully transferred to the Veterans Hospital for medical attention. This was authorized by sections 83-184 and 83-180(2), R. R. S. 1943. The latter section provides in part as follows: "While receiving treatment in such hospital or psychiatric facility, the person shall remain subject to the jurisdiction and custody of the Division of Corrections, and shall be returned to the division when, prior to the expiration of his sentence, such hospital or psychiatric treatment is no longer necessary." At all times defendant remained subject to the custody and control of the Penal and Correctional Complex. He broke that custody by failing to return from the football game and fleeing the state. This constitutes an escape from custody under the provisions of section 28-736, R. R. S. 1943.

Defendant has some theory that because the pass was issued by the Veterans Administration and not by the Nebraska penal authorities, his action in failing to return did not constitute an escape. He also seems to contend that the hospital authorities did not have the authority to give him a football pass.

The obvious answer to these contentions is that while receiving medical treatment in the Veterans Administration Hospital defendant remained subject to the jurisdiction and control of the Penal and Correctional Complex. Regardless of how he left the hospital he was ultimately required to return to the Penal Complex. When he did not return to either the hospital or the Complex, but left the state, he obviously escaped.

Defendant next argues that because he was punished administratively by the revocation of accumulated good time, his subsequent prosecution constituted double jeopardy. This contention was answered by State v.

Maddox (1973), *ante* p. 361, 208 N. W. 2d 274, in which we said: "An administrative disciplinary proceeding in which a prisoner loses good time for escape from confinement does not place him in jeopardy. A subsequent conviction and sentence in a criminal prosecution for the escape do not therefore constitute double jeopardy which federal constitutional clauses prohibit."

Finally, defendant attempts to attack the constitutionality of section 83-183(5) (b), R. R. S. 1943. This provision requires an escapee from the Penal Complex to pay the reasonable costs incurred in returning him to the Penal and Correctional Complex. This is an appeal from a criminal conviction and sentence. The trial court did not, as a part of its sentence, make any order concerning the reimbursement of the State for the costs incurred in returning defendant from Mississippi. This is purely a collateral matter between the Director of Corrections and defendant. It is not a proper matter to be raised in this action and we do not pass on it.

The judgment is affirmed.

AFFIRMED.