STATE OF NEBRASKA, APPELLEE, v. JAMES E. GLENN, APPELLANT.

226 N. W. 2d 137

Filed February 27, 1975. No. 39679.

T. Clement Gaughan, Richard L. Goss, and James E. Glenn, pro se, for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant appeals his conviction for the offense of escape from custody. Defendant assigns as error: (1) The insufficiency of the evidence; (2) the denial of his motion to permit the jury to inspect the place of the alleged offense; (3) double jeopardy; (4) excessive sentence; and (5) by a supplemental pro se brief, defendant alleges section 28-736, R. R. S. 1943, is unconstitutionally vague. We affirm.

During December 1973, defendant was serving a term of 60 days in the Lincoln city jail. He would have been eligible for release on December 30, 1973. On December

20, 1973, about 11:50 p.m., a jailor was detailed to go to the area where defendant was being confined with other prisoners to bring a prisoner by the name of Richard Rankins to the front desk, since he was to be released at 12 midnight. The jailor went to the area in question and asked an inmate his name. This inmate, who was the defendant, replied, " 'Richard Rankins.' " The defendant came out of the cell when the barred doors were opened. The jailor again asked the defendant his name and was again told it was " 'Richard Rankins.' " Defendant was taken to the front desk where an officer delivered the personal effects of Richard Rankins to him, and told him he would have to sign for his property. The defendant signed the name "Rich Rankins." There was no dispute in the evidence, the inmate released as Richard Rankins was the defendant herein.

Defendant's first contention is that there was not enough evidence to support the verdict. He contends he was not guilty of the offense of escape because the evidence showed conclusively that he was released from jail by the officers. Section 28-736, R. R. S. 1943, so far as material herein, provides: "If any person * * * confined in any jail * * * shall break such custody and escape therefrom, or attempt to do so, * * *." "Escape" is defined in Webster's New International Dictionary (2d Ed.), Unabridged, p. 871, as follows: "To get away * * * to break away, get free, or get clear * * *." When a person intentionally leaves a place of legal confinement by subterfuge, he does so to get away, and this constitutes a breaking of custody and an escape therefrom.

Defendant does not seriously contend that he did not escape. He claims that he did not within the meaning of the statute "break such custody and escape therefrom." We assume defendant is arguing that an element of the crime of escape under this section requires proof that the escapee used force, or actually performed some physical breaking in effecting his escape. This conclu-

sion would be inconsistent with previous holdings of this court. See State v. Mayes (1973), 190 Neb. 837, 212 N. W. 2d 623. "Break such custody" does not mean force is required. It is unlawfully leaving a place of confinement which constitutes the breaking of custody and escape. An escapee breaks such custody whenever he escapes by subterfuge, force, by walking away, or failing to return from a temporary leave.

Defendant's second assignment of error pertains to the rejection of a defense motion to permit the jury to make a tour of the jail area and the cell block areas which were testified about in the case. Exhibit 3 used at the trial was a copy of a detailed professionally planned plat of the area in question. This plat was used by various witnesses as they testified. No one questioned the adequacy and accuracy of the drawing. Section 29-2017, R. R. S. 1943, so far as material herein, provides: "Whenever in the opinion of the court it is proper for the jury to have a view of the place in which any material fact occurred, it may order them to be conducted in a body, under the charge of the sheriff, to the place which shall be shown to them by some person appointed by the court." To show the jury the place from which the defendant escaped would have served no useful purpose herein. Considering the possible security problems inherent in a visit by the jury to this area of the jail when no specific issue was involved, we hold the trial court did not abuse his discretion in rejecting the defense motion.

It seems to be defendant's position that he was subjected to double jeopardy because after being extradited from the State of Illinois pending trial, he was confined in a cell by himself rather than in a cell with other inmates. This contention is frivolous on its face.

Defendant, who had two previous felony convictions, contends that his sentence was excessive. He also urges this court to consider the refusal of the trial court to grant him credit for jail time while awaiting conviction

and sentencing. Defendant was sentenced to the Nebraska Penal and Correctional Complex for a period of not less than 1 year nor more than 2 years, said sentence to be consecutive to any sentence being served or to be served by the defendant. The punishment provided by section 28-736, R. R. S. 1943, is a fine of not more than $500 or punishment by confinement in the Nebraska Penal and Correctional. Complex for a period of not less than 1 year nor more than 10 years. The record indicates that while the defendant had almost served his time on the previous offense, there were two detainers against him when he escaped. The trial judge advised the defendant that he had taken his previous jail time into consideration in passing sentence. The defendant's sentence is well within the minimum range of the statutory limits. On the record there is no evidence of an abuse of discretion.

Defendant's last assignment of error, by way of a pro se supplemental brief, argues that section 28-736, R. R. S. 1943, is vague and therefore unconstitutional. As we understand defendant's brief, it centers on his contention that the statute does not purport to give an interpretation generally applicable to "break." What we have said heretofore sufficiently answers this contention.

The judgment is affirmed.

AFFIRMED.