Joseph Junior SMITH, Defendant below,
Appellant,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Submitted May 12, 1976.

Decided June 16, 1976.

Reargument Denied July 20, 1976.

Paul R. Steyermark, Asst. Public Defender, Wilmington, for defendant below, appellant.

Merritt Burke, III, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant appeals from his Superior Court conviction of escape (11 Del.C. § 1253),[1] based upon his failure to return from a 48-hour furlough to the Sussex Correctional Institution where he was serving a Superior Court sentence of imprisonment.

Defendant contends that his failure to return from furlough does not constitute an "escape" because he was not "in custody" while on furlough. He relies on *U. S. v. Person*, S.D.Cal., 223 F.Supp. 982 (1963) which applied the rule of strict construction and held that failure to return from furlough was not punishable as an escape under the applicable federal statute.

*Person* represents a minority view. We choose to adopt the majority rule holding that a prisoner's failure to return from work release or furlough constitutes an escape. *U. S. v. Rudinsky*, 6th Cir., 439 F.2d 1074 (1971); *U. S. v. Coggins*, 4th Cir., 398 F.2d 668 (1968); *McCullough v. U. S.*, 8th Cir., 369 F.2d 548 (1966); *Nace v. U. S.*, 8th Cir., 334 F.2d 235 (1964); *People v. Labrum*, 25 Cal.App.3d 105, 101 Cal.Rptr. 602 (1972); *People v. Haskins*, 177 Cal.App.2d 84, 2 Cal.Rptr. 34 (1960); *Cutter v. Buchannan*, Ky., 286 S.W.2d 902 (1956); *State v. Holbrook*, Me., 318 A.2d 62 (1974); *Shifflett v. State*, 4 Md.App. 227, 242 A.2d 182 (1968); *State ex rel. Johnson v. Warden*, 196 Md. 672, 75 A.2d 843 (1950); *State v. Glenn*, 193 Neb. 230, 226 N.W.2d 137 (1975) (dicta); *Commonwealth v. Bey*, 221 Pa.Super. 405, 292 A.2d 519 (1972); *State v. Furlong*, 110 R.I. 174, 291 A.2d 267 (1972); *State v. Kiggins*, 86 S.D. 612, 200 N.W.2d 243 (1972).

Defendant had been "committed to the custody of the Division of Adult Corrections" (now the Department of Health and Social Services) by the Superior Court for the purpose of carrying out a three-year sentence of imprisonment. Once so committed, he remained and continues to remain in the custody of the Department until released pursuant to statute or court order.

The furlough-enabling Statute, 11 Del.C. § 6538,[2] does not authorize the Department to release prisoners from its custody via furlough. That Statute empowers the Department to grant temporary furloughs for specific purposes as part of a rehabilitative program to prepare prisoners for their eventual release from custody. Implicit therein is the concept that the grant of a furlough is not intended to constitute a release from the custody of the Department, but merely extends the limits of custody according to its terms, be that custody characterized as actual or constructive.

---

1. 11 Del.C. § 1253 provides in part:

   "A person shall be guilty of escape after conviction if such person, after entering a plea of guilty or having been convicted by the court, escapes from a detention facility or from the custody of the Department of Health and Social Services."

2. 11 Del.C. § 6538 provides:

   "The Department shall promulgate regulations under which inmates, as part of a program looking to their release from the custody of the Department, or their treatment, may be granted temporary furloughs from the institution to visit their families or to be interviewed by prospective employers."

Nor do we believe that the statutory definition of "custody" was intended to establish such narrow restrictions on the limits of custody as would warrant a different conclusion. 11 Del.C. § 1258(2) defines custody as "restraint by a public servant pursuant to an arrest, detention, or an order of court." The corollary to this is that the defendant is *not* "in custody" only when he is free from such restraint.

We do not read the definition to require the objective manifestation of actual and immediate physical restraint at the particular time the defendant chooses to depart from the limits of his lawful custody. A prisoner on furlough, although outside the prison walls without immediate supervision, is clearly not free from restraint; he is deemed to be fully aware that his movements are restricted according to the limitations of time, place, and purpose imposed by the terms of the furlough.

Accordingly, we hold that the defendant was "in custody" while on furlough, and that his unauthorized departure from the limits of that custody constituted an escape.

The evidence was sufficient to convict, and consequently the judgment below is affirmed.[3]

3. We take this opportunity to comment on our denial of defendant's motion for default judgment based upon the State's failure to respond to defendant's opening brief for a period of five months, without seeking approval of an extension of time by this Court or taking any other appropriate step in the cause.

The merits of this appeal concern a matter of first impression in this jurisdiction; moreover, defendant was not prejudiced because he was and is serving concurrent sentences on other charges extending beyond the period of his incarceration on this charge. Had there been prejudice shown this Court may have felt constrained to grant the motion for default judgment against the prosecution.

Such gross non-compliance with the Rules of this Court will not be tolerated, and will be considered in the future as sufficient cause for the entry of a default decree, disciplinary action against offending counsel, or such other relief as may seem just and proper under the circumstances.