UNITED STATES of America, Appellee,

v.

Norman STUMES, Appellant.

No. 76–1980.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1977.

Decided Feb. 22, 1977.

Timothy J. McGreevy, Sioux Falls, S.D., filed brief for appellant.

William F. Clayton, U.S. Atty., and Robert D. Hiaring, Asst. U.S. Atty., Sioux Falls, S.D., filed brief for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Norman Stumes appeals from his conviction, following a jury trial, of causing a threatening letter to be delivered through the mails in violation of 18 U.S.C. § 876. He was sentenced to three years imprisonment to be served consecutively to a state life sentence for manslaughter which he was already serving. We affirm.

In December 1975, James Lund, a prosecution witness at Stumes' manslaughter trial, received a typewritten letter referring to the murder victim and threatening Lund's life. The letter was contained in a stamped envelope of the type sold in the South Dakota state penitentiary commissary. It was unsigned and bore no return address.

Lund turned the letter over to the police, who contacted the FBI. Suspecting Stumes as the probable source, a police officer and an FBI agent proceeded to the South Dakota penitentiary where they unsuccessfully attempted to interview him. They did, however, determine that Stumes had a typewriter in his cell and they seized it without first obtaining a warrant. Exemp-

lars from the seized typewriter submitted to the FBI laboratory for comparison to the type on the threatening letter indicated that the letter sent to Lund in December 1975, was typed on that typewriter.

Stumes was thereafter indicted and tried in connection with the December 1975 letter. Prior to trial, he moved to suppress the typewriter and exemplars as the products of a warrantless, and, therefore, illegal seizure. After a hearing, the court denied the motion and the items were admitted into evidence. Appellant also sought, prior to trial, to limit testimony concerning the circumstances and nature of the offense for which he was incarcerated at the time the letter was sent to Lund. That motion was also denied, and it was brought out at trial that Stumes had been the defendant and Lund a prosecution witness in a murder case. Stumes was convicted and this appeal followed.

On appeal Stumes contends: (1) that the court erred in refusing to suppress the typewriter and exemplars; and (2) that the court erred in allowing reference to the fact that the proceeding in which Lund testified against Stumes was a murder trial.

In discussing Stumes' contention that the seizure of the typewriter was illegal under the Fourth Amendment and the South Dakota Constitution [1] because the officers did not obtain a warrant,[2] it must be kept in mind that at the time of the seizure Stumes was incarcerated in the state penitentiary and the typewriter was located in his cell.

■ Although prisoners do not forfeit all their Fourth Amendment rights upon incarceration, they do not retain the same measure of protection afforded non-incarcerated individuals. *See, e. g., United States v.*

*Dawson,* 516 F.2d 796 (9th Cir.), *cert. denied,* 423 U.S. 855, 96 S.Ct. 104, 46 L.Ed.2d 80 (1975); *Bonner v. Coughlin,* 517 F.2d 1311 (7th Cir. 1975). The reduced measure of Fourth Amendment protection afforded prisoners stems from legitimate institutional needs, *see, e. g., Bonner v. Coughlin, supra,* as well as prisoners' diminished expectations of privacy. *See, e. g., United States v. Hitchcock,* 467 F.2d 1107 (9th Cir. 1972), *cert. denied,* 410 U.S. 916, 93 S.Ct. 973, 35 L.Ed.2d 279 (1973). *See also, Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); and *Lanza v. New York,* 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962).

■ Stumes argues that the warrant requirement may be avoided in the prison context only where the search is justified by legitimate institutional needs, and that where, as here, the seizure relates to an alleged offense having no bearing on institutional order or security, a warrant must be obtained. This argument ignores the fact that obviation of the warrant requirement in prisons rests in part on diminished expectations of privacy. We do not believe that where a prisoner openly keeps a typewriter in his cell, he has any reasonable expectation of privacy as to that typewriter.

Since it appears that there was probable cause for the seizure and failure to procure a warrant was the only defect alleged, we conclude that the district court properly denied the motion to suppress.

■ Appellant also contends that the trial court erred in allowing reference to the fact that Lund testified against Stumes in a murder trial. He contends not that such testimony was irrelevant, but that its preju-

---

1. Appellant asserts a separate claim under the South Dakota constitutional equivalent of the Fourth Amendment, claiming that the South Dakota proscription against unreasonable searches and seizures is more stringent than the federal provision. While the South Dakota Supreme Court has construed its state constitutional warrant requirement more stringently than the United States Supreme Court has interpreted the Fourth Amendment with respect

to auto searches, *see State v. Opperman,* 247 N.W.2d 673 (S.D.1976), there is no indication that this divergence applies in the prison context. Accordingly, appellant's claim under the South Dakota constitution will not be separately considered.

2. The district court found that there was probable cause to seize the typewriter, and appellant does not appear to dispute this finding.

dicial impact outweighed its probative value, and it should have been excluded under Fed.R.Evid. 403. Stumes asserts that the court should have limited the testimony concerning the prior offense to the fact that Lund had been a witness against him in a prior proceeding.

The circumstances surrounding appellant's manslaughter conviction are relevant to establishing his motive, intent and identity as the author of the threatening letter. Moreover, since the letter itself infers that its writer was imprisoned for a homicide offense, the prejudicial impact of the challenged testimony is not so great as to require exclusion under Rule 403. We conclude that the district court did not abuse its discretion in admitting the challenged testimony.

Affirmed.