STATE OF NEBRASKA, APPELLEE, v. SANDY PATRICK KERNS, APPELLANT.

271 N. W. 2d 48

Filed November 1, 1978. No. 42011.

Michael D. Gooch, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., PRO TEM.

Defendant, Sandy Patrick Kerns, after a jury trial, was convicted of sexual assault in the first degree and found to be an habitual criminal. Defendant argues four assignments of error: (1) The overruling of his plea in bar; (2) the overruling of his motion to suppress; (3) the admission into evidence of the State's exhibit 3; and (4) the excessiveness of his sentence. We affirm.

Defendant struck his 19-year-old cellmate, and then sexually assaulted him in the first degree while they were confined in the medium security unit of the Nebraska Penal and Correctional Complex. Another cellmate, a codefendant, who accepted a plea bargain, corroborated the victim's testimony.

Defendant was removed to an adjustment center cell. An officer in the medium security unit was directed to search defendant's old cell for any evidence of the crime. He found a bedsheet in the

laundry bag which he thought might contain semen or blood stains. A laboratory analysis conducted later did not reveal the presence of either. The officer also went to defendant's adjustment center cell and removed the sheet from defendant's bed. He testified when an inmate is placed in "deadlock" he is given the same bedding he had been using. He therefore removed this sheet and delivered it to a representative of the State Patrol. This sheet, exhibit 3, was found to have a semen stain and a small blood stain. Defendant's motion to suppress this exhibit for failure of the officer to obtain a search warrant was overruled. Defendant also objected to the introduction of the exhibit on the ground of a gap in the chain of custody. The court found the chain of custody had been satisfactorily established.

Prior to the filing of criminal charges against defendant he was brought before the adjustment committee at the medium security unit. The committee found him guilty of forcing another to engage in sexual activity and of assaulting an inmate. It imposed a penalty of loss of all good time. Defendant contends the hearing before the adjustment committee put him in jeopardy and the trial court erred in not sustaining his plea in bar because the present action constitutes being placed in jeopardy twice for the same offense. There is no merit to this contention.

The established rule in this jurisdiction is that an administrative disciplinary proceeding in which a prisoner loses good time does not place him in jeopardy. The subsequent conviction and sentence in a criminal prosecution for the same offense do not therefore constitute double jeopardy which federal constitutional clauses prohibit. See State v. Mayes, 190 Neb. 837, 212 N. W. 2d 623 (1973).

Defendant apparently concedes that the great weight of authority is contrary to his argument. However, he contends that the holding of Wolff v. McDonnell, 418 U. S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d

935 (1974), requires that we now abandon the established rule. A clear reading of McDonnell reveals that defendant's interpretation is erroneous. McDonnell involved a procedural due process analysis of prison disciplinary hearings. The court specifically stated: "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." There is nothing in McDonnell which requires a change in the established rule regarding double jeopardy. Defendant was afforded a hearing. By inference, McDonnell supports the rule we apply.

Defendant's contention that a search warrant was required to search his cell is without merit. A similar situation was presented in United States v. Stumes, 549 F. 2d 831 (8th Cir., 1977). There, the defendant inmate was convicted of causing a threatening letter to be delivered through the mails. In upholding the refusal of the trial court to suppress a typewriter seized from defendant's cell without a warrant, the court stated: "Although prisoners do not forfeit all their Fourth Amendment rights upon incarceration, they do not retain the same measure of protection afforded non-incarcerated individuals. See, e.g., United States v. Dawson, 516 F. 2d 796 (9th Cir.) cert. denied, 423 U. S. 855, 96 S. Ct. 104, 46 L. Ed. 2d 80 (1975); Bonner v. Coughlin, 517 F. 2d 1311 (7th Cir. 1975). The reduced measure of Fourth Amendment protection afforded prisoners stems from legitimate institutional needs, see, e.g., Bonner v. Coughlin, supra, as well as prisoners' diminished expectations of privacy. See, e.g., United States v. Hitchcock, 467 F. 2d 1107 (9th Cir. 1972), cert denied, 410 U. S. 916, 93 S. Ct. 973, 35 L. Ed. 2d 279 (1973). See also, Katz v. United States, 389 U. S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967); and Lanza v. New York, 370 U. S. 139, 82 S. Ct. 1218, 8 L. Ed. 2d 384 (1962)."

Defendant's objection to the exhibit on the ground of a gap in the chain of custody is premised on his contention the evidence is not definite that exhibit 3 was the sheet he had on the bed in the other cell. There was testimony the sheet was moved with him. Whether sufficient foundation has been laid for the admission of physical evidence must necessarily be determined on a case-by-case basis. State v. Van Ackeren, 194 Neb. 650, 235 N. W. 2d 210 (1975). A determination of admissibility of physical evidence generally rests within the sound discretion of the trial court and will not be reversed except for a clear abuse of discretion. State v. Lynch, 196 Neb. 372, 243 N. W. 2d 62 (1976). We find there has been no abuse of discretion herein. In any event, the sheet was of limited probative value and its admission would appear to be cumulative at most.

There is no merit to defendant's claim of an excessive sentence. Defendant was sentenced as an habitual criminal under section 29-2221, R. R. S. 1943. The sentence imposed, 12 to 15 years, is well within the statutory limits of 10 to 60 years imprisonment provided by the statute for habitual criminals. A sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. State v. McKenney, 198 Neb. 564, 254 N. W. 2d 81 (1977).

The judgment is affirmed.

AFFIRMED.