STATE of Tennessee, Appellee,

v.

Charles Lee RICHARDS, Appellant.

Court of Criminal Appeals of Tennessee, At Knoxville.

Nov. 18, 1981.
Permission to Appeal Denied
by Supreme Court
Jan. 25, 1982.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Richard McConnell, Asst. Dist. Atty. Gen., Knoxville, for appellee.

Albert J. Newman, Jr., Knoxville, for appellant.

## OPINION

DAUGHTREY, Judge.

The appellant-defendant, Charles Lee Richards, was convicted of escaping from the Knoxville City Jail while being held there on a felony charge. The jury fixed his sentence at two to five years imprisonment. Richards claims that he did not escape from the jail but rather that his release resulted from an administrative error.

On September 10, 1979, two persons named Charles Richards were being held at the Knoxville jail for arraignment. The defendant, Charles Lee Richards, had been arrested for burglary and was awaiting a September 17 preliminary hearing. The other Richards inmate, Charles T. Richards, was being held on a charge of public drunkenness. He was some 25 years older than the defendant.

During the afternoon of September 10, some 50 detainees, including the defendant and Charles T. Richards, were taken to General Sessions Court for arraignment. The defendant later told police that when the court officer called out the name "Charles Richards," the other Richards went into the courtroom. Later the court officer called "Charles Richards" a second time, and the defendant went into the courtroom as one of a group of detainees. There they stood before the judge for arraignment on public

drunkenness charges and were sentenced to time served. In his statement to police, the defendant said he realized that there had been a mix-up and decided "to follow through the venture and see how far it would go." He told officers that it was his idea to obtain the other Richards' property receipt in order to carry out the deceit.

This ploy worked. When the defendant was later taken from the holding cell for release, he produced the requisite yellow copy of the property receipt made out by police at the time of booking. He was given the personal property originally taken from Charles T. Richards and was released.

Four hours later, the defendant was back at the jail, charged with public drunkenness. He falsely gave his name as Charles T. Richards and produced Charles T. Richards' identification. However, the jailer realized that the defendant was not old enough to match the description of Charles T. Richards that appeared on an identification card, and she notified her supervisor that something was amiss. The ensuing investigation uncovered the ruse involved in the defendant's earlier release.

At trial the defendant claimed that he was drunk when arrested and did not know that he had been taken into custody on a burglary charge until sometime after his mistaken release and subsequent rearrest. He further claimed that he responded innocently to the docket call and that he had no contact with Charles T. Richards. He maintains on appeal that he was released with police consent and argues that the State's proof fails to make out the crime of escape under T.C.A. § 39–3807.

Any intentional and unauthorized departure from confinement constitutes an escape within the meaning of T.C.A. § 39–3807. *See Laird v. State*, 565 S.W.2d 38, 41–2 (Tenn.Crim.App.1978) (deliberate departure from county road workcrew constitutes escape); *see also State v. Glenn*, 193 Neb. 230, 226 N.W.2d 137, 139 (1975) (leaving a place of custody by answering to the name of an individual scheduled for release constitutes escape). Moreover, nothing in Tennessee case law or in the statute re-

quires proof of force to support a conviction for escape. The record shows clearly that no one authorized the defendant to leave the jail on September 10. And yet, by the fraudulent use of another person's property receipt, Richards held himself out as someone authorized for release. That more astute jailers or better security procedures might have prevented the defendant's escape does not relieve him of liability for having effected his own unauthorized release.

We hold that the evidence in the record is sufficient, both factually and legally, to support the jury's verdict. We therefore affirm the judgment of the trial court.

CORNELIUS, J., and WILLIAM S. RUSSELL, Special Judge, concur.