Appellant, Frederick Moore, filed a pro se petition for writ of habeas corpus in the circuit court of Escambia County on July 18, 1985. The petition was denied, without an evidentiary hearing, on August 20, 1985. The court determined appellant to be indigent and counsel was appointed to represent appellant on this appeal.
Appellant, an inmate at G.K. Fountain Correctional Center, was charged with fighting with a weapon in violation of Alabama Department of Corrections Administrative Rule 34. On May 15, 1985, a disciplinary committee hearing was held in which a finding of "not guilty" was rendered. On May 19, 1985, Warden J.O. Davis directed that the charge be reinstated and a new disciplinary committee appointed to rehear the charges. The warden's authority to reinstate the charge is set forth in Administrative Regulation 403-E (1)(d), which states that the reinstated proceeding "will not count as a second hearing."
In the second proceeding, appellant was found to have violated Rule 34, and was assessed "loss of six months good time and 21 days in the segregation unit." An appeal was taken to the warden, who concurred in the findings of the committee, and the appeal was denied. An appeal authorized by the regulations to Commissioner Freddie Smith was likewise denied. Appellant then petitioned the circuit court for a writ of habeas corpus, which is the proper method for challenging a decision of a state disciplinary board. Rice v. State,460 So.2d 254 (Ala.Crim.App. 1984).
Appellant's court appointed counsel has asserted four issues in brief; however, he has failed to cite any authority for his asserted propositions, and the administrative regulation he relies upon is not applicable to the issues presented to this court. The State's three-sentence brief is, likewise, of no value in reaching a determination of the merits of appellant's petition, and cites no authorities. Appellant's pro se petition for writ of habeas corpus asserts two claims for relief. Appellant first contends that the second committee hearing subjected him to double jeopardy, and, therefore, that the findings of the second committee should be voided. Appellant's second contention is that the committee hearing in which he was found guilty did *Page 916 
not comply with established due process requirements.
 I
Appellant violated an administrative regulation and was therefore subject to prison disciplinary proceedings. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such a proceeding does not apply." Wolff v. McDonnell,418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974) (relying on Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484 (1972)).
It has been generally stated that "[t]he doctrine of double jeopardy, as developed under the common law or the Constitution, has strict application to criminal prosecution only. . . . It does not apply to other than judicial proceedings." Nunley v. United States Board of Paroles,439 F. Supp. 887 (W.D.Okla. 1977). In 22 C.J.S. Criminal Law § 240 (1961), it is stated:
 "It is a basic principle that the doctrine of double jeopardy, in either its constitutional or its common law sense, has a strict application to criminal prosecutions only. . . . It has been stated that the rule of double jeopardy is applicable only when the first prosecution involves a trial before a criminal court, or at least a court empowered to impose punishment by way of fine, imprisonment, or otherwise, as a deterrent to the commission of a crime; but it also has been stated that the protection against double jeopardy applies to all proceedings irrespective of whether they are denominated civil or criminal, if the outcome may be the deprivation of a person of his liberty."
In Breed v. Jones, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785,44 L.Ed.2d 346 (1975) (citing United States v. Hess, 317 U.S. 537,548-49, 63 S.Ct. 379, 386, 87 L.Ed.2d 443 (1943)), the Court stated that "the risk to which the term jeopardy refers is that traditionally associated with `actions intended to authorize criminal punishment to vindicate public justice'." See alsoHelvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917
(1938).
A criminal prosecution is defined as "[a]n action or proceeding instituted in a proper court on behalf of the public, for the purpose of securing the conviction and punishment of one accused of crime." Black's Law Dictionary, 337 (rev. 5th ed. 1979). In determining whether jeopardy attaches when prison disciplinary action is taken, we are guided by established case law. In Jenkins v. State,367 So.2d 587, 589 (Ala.Crim.App. 1978), cert. denied, 367 So.2d 590
(Ala. 1979), the defendant had been subjected to prison disciplinary action (loss of twelve months' good time) for escape and then prosecuted for the same escape under § 13-5-65, Code of Alabama 1975, in state court. This court stated "the double jeopardy provision of the Fifth Amendment is not violated because a prisoner is subjected to administrative punishment (either reclassification or loss of good time) by prison authorities for violating prison regulations and is also prosecuted in a criminal action based upon the same facts."Jenkins, 367 So.2d at 589. Relying on Artrip v. State,41 Ala. App. 492, 493-94, 136 So.2d 574, 575 (1962), we quoted inJenkins:
 "Infliction of disciplinary penalties to be endured contemporaneously with a sentence being served under a judgment of a competent court does not lengthen the court imposed sentence. Therefore, the administrative determination does not put the convict in jeopardy because the punishment is only of a harsher degree (but within the law) and not a new term."
As stated in Pagliaro v. Cox, 143 F.2d 900, 901 (8th Cir. 1944): "There is no double punishment. The two matters were entirely distinct and separate. . . . The existence or the forfeiture of good time is in no sense dependent upon whether the misconduct also may be a criminal act." It is well established that when a convict violates an administrative regulation, which is also a violation of criminal law, he may be subject to administrative discipline as well as criminal proceedings, without violating his Fifth Amendment protection against double jeopardy. Fano v. Meachum, 520 F.2d 374 (1st *Page 917 
Cir. 1975); United States v. Herrera, 504 F.2d 859 (5th Cir. 1974); United States v. Lepiscopo, 429 F.2d 258 (5th Cir. 1970); Gilchrist v. United States, 427 F.2d 1132 (5th Cir. 1970); Patterson v. United States, 183 F.2d 327 (4th Cir. 1950); Pagliaro; Nunley v. United States Board of Paroles, supra; Jenkins; supra; Carruth v. Ault, 231 Ga. 547,203 S.E.2d 158 (1974); State v. Kern, 201 Neb. 617, 271 N.W.2d 48 (1978). The cases cited above are in agreement with the proposition that "an administrative disciplinary proceeding in which a prisoner loses good time does not place him in jeopardy." Kern, 271 N.W.2d at 50. Based upon the foregoing authorities we conclude in the instant case that jeopardy does not attach, because an administrative disciplinary proceeding is not in the nature of a criminal proceeding in which the prisoner is entitled to the Fifth Amendment's protection against double jeopardy. Appellant's double jeopardy claim is therefore without merit.
 II
Appellant next contends, in his pro se petition, that he was not afforded due process at the second disciplinary hearing. It is alleged that: (1) He was not allowed to call witnesses in his behalf; (2) there was no statement of facts relied upon and reasons for the disciplinary action; and (3) there was no evidence presented to the committee to support a finding of the offense of fighting with a weapon.
The State only filed a motion to dismiss, which alleged that appellant stated he desired no witnesses at the second disciplinary proceeding and that the appellant's statement to this effect was witnessed and initialed. No documents were appended to the motion which would support this claim. The record does not contain an answer or return which denies the allegations of fact in the petition. Nothing has been filed by the State to contradict those facts set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true. Ex parte Floyd, 457 So.2d 961 (Ala. 1984);Vaughan v. State, 415 So.2d 1231 (Ala.Crim.App. 1982). Appellant has attached to his petition exhibits which are apparently copies of documents furnished him by the Department of Corrections. Most of these documents are of such poor quality that they are unintelligible. We can, however, from the face of appellant's petition, ascertain his allegations of due process violations. It appears from the legible documents attached to the petition that the disciplinary committee failed to make a written statement setting forth the "`evidence relied on and reasons' for the disciplinary action," as required byWolff v. McDonnell, 418 U.S. at 563, 94 S.Ct. at 2978. The constitutional requirements of due process as set forth inWolff were not complied with. Rice v. State, 460 So.2d 254, 256
(Ala.Crim.App. 1984), and cases cited therein.
The circuit court erred in granting the State's motion to dismiss the petition without a hearing. The petition contains unrefuted allegations which if proven would entitle appellant to relief. Therefore, the trial court's judgment dismissing the petition is hereby set aside and vacated, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.