STATE OF NEBRASKA, APPELLEE, V. PATRICK B. LYNCH, APPELLANT.

533 N.W.2d 905

Filed June 16, 1995.   No. S-94-626.

Michael L. Jeffrey, of Jeffrey, Hahn, Hemmerling & Zimmerman, P.C., for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and RONIN, D.J., Retired.

WRIGHT, J.

Patrick B. Lynch appeals the denial of his plea in bar, in which he claimed that criminal charges of conspiracy to escape and attempted escape should be barred because he had previously been "tried" for those crimes in a prison disciplinary proceeding.

## SCOPE OF REVIEW

The denial of a plea in bar is a final order as defined in Neb. Rev. Stat. § 25–1902 (Reissue 1989). *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990).

A judgment rendered or final order made by the district court may be reversed, vacated, or modified on appeal for errors appearing on the record. Neb. Rev. Stat. § 84–918 (Reissue 1994). Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial court. See, *State v. Cox*, 247 Neb. 729, 529 N.W.2d 795 (1995); *State v. Dake*, 247 Neb. 579, 529 N.W.2d 46 (1995).

## FACTS

On August 31, 1991, an escape was attempted at the Nebraska State Penitentiary. Lynch was alleged to be involved in the attempt, along with five other inmates. In January 1992, a penitentiary disciplinary committee found Lynch guilty of escape, possession of escape paraphernalia, and possession or manufacturing of weapons. He lost credit for good time earned and was placed in disciplinary segregation. The Nebraska Department of Correctional Services (DCS) Appeals Board upheld the decision of the disciplinary committee. Lynch filed an administrative appeal to the Lancaster County District Court.

The district court reversed the decision of the appeals board, finding that the board's conclusions were not supported by competent, material, and substantial evidence. The district court's order, entered September 3, 1992, states that while the record includes evidence of the presence of weapons and escape paraphernalia in the prisonyard on August 31, 1991, none of that evidence was shown to be connected with Lynch. The court found that the evidence presented by the DCS would not have been sufficient at trial to withstand a motion for a directed

verdict. The DCS appealed the district court's decision to this court, which affirmed the district court's reversal of the appeals board's decision. See *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994).

On July 23, 1993, a two-count complaint was filed against Lynch in the Lancaster County District Court, charging him with attempted escape and conspiracy to escape. The complaint alleged that Lynch conspired with other persons to escape from the penitentiary. It alleged overt acts, including (1) assaults upon an individual by stabbing or throwing flammable liquids, (2) throwing a flammable accelerant into the face of a guard, (3) entering and attempting to start a garbage truck for use in the escape, (4) obtaining and being in possession of a liquid flammable accelerant for use in the escape, (5) making and assembling flammable devices such as molotov cocktails to throw at guard towers during the escape, and (6) providing information to other coconspirators regarding keys located on a guard's belt.

The complaint charged that Lynch intentionally engaged in conduct which constituted a substantial step in a course of conduct intended to culminate in his commission of an escape by unlawfully removing himself from official detention or failing to return to official detention following a temporary leave granted for a specific purpose. The complaint also alleged that Lynch was a habitual criminal because he had twice been convicted of felonies: murder in 1982 and escape in 1987.

On August 27, 1993, Lynch filed a motion to quash and a plea in abatement. The record does not include a ruling on the motion or the plea.

On January 21, 1994, an information charging Lynch, first, with conspiracy to escape and being a habitual criminal and, second, with attempted escape and being a habitual criminal was filed in Lancaster County District Court. Lynch filed a plea in bar, alleging that the State was precluded by res judicata and collateral estoppel from proceeding with the instant action. Lynch argued that the action was barred because the decisions of the disciplinary committee and appeals board, which found Lynch guilty of escape, had been reversed by the Lancaster County District Court based on insufficient evidence and

because the current charges were based on the same facts as the earlier proceeding before the disciplinary committee.

The district court denied the plea in bar, noting that the prison disciplinary proceeding was administrative and not criminal in nature.

## ASSIGNMENTS OF ERROR

In summary, Lynch claims the district court erred in overruling the plea in bar and in failing to consider the preclusive effect of the prior adjudications of the same issues brought by the State.

## ANALYSIS

### JURISDICTION

First, the State argues that this court has no jurisdiction because the overruling of Lynch's plea in bar is not a final order. Whether or not a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but is the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992). We therefore consider this issue first.

The State asserts that although collateral estoppel and res judicata in a criminal action are related to double jeopardy, the court's overruling of Lynch's plea in bar was not a final order because it did not determine the action, prevent a judgment, or affect a substantial right made in a special proceeding. A final order is defined in § 25-1902:

An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter.

Lynch bases his argument upon *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990), in which we held that the denial of a plea in bar is an order affecting a substantial right made in a special proceeding and thus a final order. Lynch argues that the State's attempted prosecution violates his

constitutional right not to be charged more than once for the same crime. He asserts that the concept of double jeopardy is clearly inherent in his claim and that he raised a double jeopardy claim by filing the plea in bar. The statute governing a plea in bar provides:

> The accused may then offer a plea in bar to the indictment that he has before had judgment of acquittal, or been convicted, or been pardoned for the same offense; and to this plea the county attorney may reply that there is no record of such acquittal or conviction, or that there has been no pardon. On the trial of such issue to the court or to a jury, if the court desires to submit such issue to a jury, the accused must produce the record of such conviction or acquittal, or the pardon, and prove that he is the same person charged in the record or mentioned in the pardon; and shall be permitted to adduce such other evidence as may be necessary to establish the identity of the offense.

Neb. Rev. Stat. § 29-1817 (Reissue 1989).

Collateral estoppel in a criminal proceeding has its basis in the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. See, *Turner v. Arkansas*, 407 U.S. 366, 92 S. Ct. 2096, 32 L. Ed. 2d 798 (1972); *Ashe v. Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). In *Turner*, the U.S. Supreme Court held that the question of collateral estoppel is a matter of constitutional fact which the court must decide through an examination of the entire record. We have recognized that collateral estoppel may apply in a criminal case. See *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994). In *Dean*, we cited *State v. Gerdes*, 233 Neb. 528, 446 N.W.2d 224 (1989), in which we recognized that a criminal defendant relying on collateral estoppel does so in relation to the constitutional protection against double jeopardy. The defendant has the burden to prove that the particular issue sought to be relitigated is constitutionally foreclosed by the Double Jeopardy Clause. See *Gerdes, supra*.

Although Lynch argues that the State is precluded on the basis of collateral estoppel from relitigating the same facts for which Lynch was exonerated upon his appeal from the administrative disciplinary hearing, the basis of his plea in bar

is in reality the Double Jeopardy Clause. We agree that Lynch's plea in bar raised a double jeopardy claim.

We find that our holding in *Milenkovich* applies to Lynch's plea in bar. In *Milenkovich*, we cited *Abney v. United States*, 431 U.S. 651, 660, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977), in which the Court stated: "[T]he rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." We concluded that the defendant must be granted an opportunity to raise a claim of double jeopardy prior to being subjected to a second trial.

We hold that the denial of Lynch's plea in bar was an order affecting a substantial right in a special proceeding and was a final, appealable order. This court has jurisdiction to consider the issue of whether the district court was correct in overruling Lynch's plea in bar.

### DOUBLE JEOPARDY

We next address the ultimate question of whether the prior administrative disciplinary proceeding which was resolved in Lynch's favor bars a subsequent criminal prosecution of Lynch for attempted escape arising from the same conduct. The 5th Amendment to the U.S. Constitution, which is made applicable to the states through the 14th Amendment, provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Neb. Const. art. I, § 12, provides: "No person shall . . . be twice put in jeopardy for the same offense."

The established rule in this jurisdiction is that an administrative disciplinary proceeding in which the prisoner loses good time does not place him in jeopardy. *State v. Kerns*, 201 Neb. 617, 271 N.W.2d 48 (1978). The subsequent conviction and sentence in a criminal prosecution for the same offense do not therefore constitute double jeopardy, which the federal Constitution prohibits. We cited *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), in which the Court stated: " 'Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a

defendant in such proceedings does not apply.' " *Kerns*, 201 Neb. at 620, 271 N.W.2d at 50. The *Kerns* determination was subsequently upheld by the U.S. Court of Appeals for the Eighth Circuit in *Kerns v. Parratt*, 672 F.2d 690 (8th Cir. 1982). This court has reached the same conclusion in *State v. Maddox*, 190 Neb. 361, 208 N.W.2d 274 (1973), and in *State v. Mayes*, 190 Neb. 837, 212 N.W.2d 623 (1973).

We find that *U.S. v. Newby*, 11 F.3d 1143 (3d Cir. 1993), *cert. denied* ____ U.S. ____, 115 S. Ct. 111, 130 L. Ed. 2d 58 (1994), has particular application to the case at bar. While serving their sentences in a federal prison, Gene Newby and Raynaldo Barber engaged in an altercation with several prison guards. Prison authorities brought disciplinary charges against them for using intoxicants and assaulting prison guards, in violation of prison rules. Following a hearing, both defendants were found to have violated prison regulations, and Newby was deprived of 1,000 days of good time credit.

Newby was subsequently indicted for exactly the same conduct and was charged with knowingly and willfully assaulting, impeding, and interfering with a federal prison guard, in violation of federal law. Newby moved to dismiss the indictment on double jeopardy grounds, contending that the prison disciplinary sanctions barred a criminal prosecution. The district court denied the application to dismiss. Following a trial, Newby was convicted of impeding and interfering with a federal prison guard.

Newby argued that criminal prosecution after prison disciplinary sanctions had been imposed violated the Double Jeopardy Clause of the Fifth Amendment. He relied upon *United States v. Halper*, 490 U.S. 435, 109 S. Ct. 1892, 104 L. Ed. 2d 487 (1989), in which the Court held that a civil penalty, imposed after a criminal penalty, can constitute a second punishment under the Double Jeopardy Clause if the criminal penalty is grossly disproportionate to the harm caused or is divorced from any remedial goal.

The court in *Newby* concluded that the prison sanctions imposed upon Newby were not so grossly unrelated to the prison authorities' remedial goal of maintaining order and discipline in the prison as to constitute punishment within the

meaning of the Double Jeopardy Clause. The ability of prison authorities to revoke good time credits was designed to encourage inmates to continue their good conduct and was, thus, rationally related to the remedial goal. The court held that a prison disciplinary hearing is not a prosecution for double jeopardy purposes. The court cited other cases for the proposition that disciplinary sanctions imposed by prison authorities for infractions of prison regulations do not bar a subsequent criminal prosecution: *United States v. Stuckey*, 441 F.2d 1104 (3d Cir. 1971), *cert. denied* 404 U.S. 841, 92 S. Ct. 136, 30 L. Ed. 2d 76; *U.S. v. Rising*, 867 F.2d 1255, 1259 (10th Cir. 1989) ("administrative punishment imposed by prison officials does not render a subsequent judicial proceeding, criminal in nature, violative of the double jeopardy clause"); and *Kerns v. Parratt, supra* (administrative sanction through loss of good time does not bar subsequent criminal prosecution).

*Newby* is similar to the case at bar in that prison disciplinary sanctions had been imposed prior to criminal prosecution for the same conduct. However, in *Halper*, criminal charges and a conviction and sentence preceded the civil action. The respondent, Irwin Halper, the manager of a medical laboratory service, submitted 65 separate false reimbursement claims for medical services rendered. He mischaracterized the service performed and demanded reimbursement at a rate of $12 per claim when the actual service rendered entitled the medical laboratory to only $3 per claim. The insurance carrier overpaid the claims and passed the overcharges on to the federal government. Upon discovery, the government indicted Halper on 65 counts of violating a federal criminal false–claims statute. Halper was convicted on all 65 counts and was sentenced to imprisonment for 2 years and fined $5,000. The government then brought a subsequent action against Halper under a civil false–claims statute.

Based upon the facts established by Halper's criminal conviction, the district court granted summary judgment for the government on the issue of liability. The remedial portion of the act in effect at the time provided for a civil penalty of $2,000, an amount equal to two times the amount of damages the government sustained, and costs. Thus, Halper appeared to be

subject to a statutory penalty of $2,000 multiplied by each of the 65 false claims, or $130,000. The district court concluded that because of Halper's previous criminal punishment, an additional penalty of this magnitude violated the Double Jeopardy Clause. On appeal, the Supreme Court stated that the issue for consideration was whether a civil sanction may be so divorced from any remedial goal that it constitutes punishment for the purpose of double jeopardy analysis.

The Court announced a rule to be applied in rare cases such as this one, "where a fixed–penalty provision subjects a prolific but small–gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." *Halper*, 490 U.S. at 449.

> Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.

490 U.S. at 449–50. The Court left to the trial court's discretion the determination of the civil sanction which could be imposed "without crossing the line between remedy and punishment." 490 U.S. at 450.

The factual basis in the case at bar is similar to the facts in *U.S. v. Newby*, 11 F.3d 1143 (3d Cir. 1993), *cert. denied* ____ U.S. ____, 115 S. Ct. 111, 130 L. Ed. 2d 58 (1994), and we adopt the court's reasoning in *Newby* and adhere to the rule that a prison administrative disciplinary proceeding which seeks to impose sanctions such as the loss of good time and disciplinary segregation does not place the prisoner in jeopardy, and a subsequent conviction and sentence in a criminal prosecution for the same conduct does not constitute double jeopardy. See *State v. Kerns*, 201 Neb. 617, 271 N.W.2d 48 (1978). The disciplinary proceeding against Lynch does not bar the criminal proceeding based on the same conduct. We therefore affirm the judgment of the district court.

AFFIRMED.

WHITE, C.J., concurs in the result.