STATE OF NEBRASKA, APPELLANT, V. VINCENT C. HAVORKA, APPELLEE.

355 N.W.2d 343

Filed September 21, 1984.   No. 84-113.

William C. Luben, Deputy Cheyenne County Attorney, for appellant.

John P. Peetz III of John Peetz, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This appeal, brought by the State pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 1982), raises the question of whether a trial court, when placing an individual on probation for second offense drunk driving pursuant to the provisions of Neb. Rev. Stat. § 39-669.07(2) (Cum. Supp. 1982), may interrupt the 6-month period in which the probationer is not to drive as required by law, or whether the 6-month period during which the defendant is not to drive must be 6 continuous months from the date of the order of probation. The county court for Cheyenne County, Nebraska, determined that the trial court could interrupt the time. On appeal the county court's determination was affirmed by the district court. We believe, however, that the statute is clear on its face and does not permit such interruption and that the prohibition against driving during probation must begin on the date of the order and extend for 6 continuous months.

On January 29, 1983, Vincent C. Havorka was charged with driving while under the influence of alcohol, third offense. The charge was later reduced to second offense. Havorka pled guilty, and the county court for Cheyenne County placed him on probation for 1 year, pursuant to § 39-669.07(2). As one of the conditions of probation, the court ordered Havorka not to operate a motor vehicle for any purpose for a period of 6 months commencing on May 2, 1983, that being the day upon which the probation order was entered. This condition is required by § 39-669.07(2).

Havorka then filed a motion seeking to modify his probation in order to allow him to operate a motor vehicle for work-related purposes during the summer and fall of 1983. On July 15, 1983, an evidentiary hearing was held, and the trial

court, finding that Havorka would lose his employment if not allowed to operate a motor vehicle during the summer and fall months, modified the order of probation to permit Havorka to drive under a restricted license for work-related purposes only until December 1, 1983. The court further ordered that the balance of the 6-month suspension would commence on December 1, 1983. The State appealed the order of modification to the district court for Cheyenne County, Nebraska, and, as we have already indicated, on November 8, 1983, the district court dismissed the appeal, finding that it was within the power of the county court to modify the probation order not to operate a motor vehicle entered pursuant to § 39-669.07(2).

We should note at the outset that neither party raises, nor do we decide by this appeal, whether the Legislature may, under any circumstance, limit a court's authority to suspend a sentence and impose probation under such conditions as it may prescribe. We merely address the question of whether the provisions of § 39-669.07(2), if valid and constitutional, permit the trial court to adjust the period of time during which the defendant may not operate a motor vehicle.

·Section 39-669.07, dealing with the offense of operating a motor vehicle while under the influence of alcohol, was amended by the Nebraska Legislature in 1982. The punishments for various offenses involving driving while intoxicated were amended, and the Legislature provided for mandatory sentences in either the case where the defendant is sentenced to incarceration or placed on probation. Driving while under the influence of alcoholic liquor or drug was divided into three separate categories, depending upon the number of previous similar convictions. Section 39-669.07(1) deals with a person who has not previously been convicted. It provides in part:

[T]he court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle for any purpose for a period of six months from the date of his or her conviction, and shall order that the operator's license of such person be revoked for a like period.

The section then sets out what is to occur in the event the

individual is placed on probation, providing:

> If the court places such person on probation or suspends the sentence for any reason, the court *shall,* as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle *for any purpose* for a period of sixty days *from the date of the order.*

(Emphasis supplied.)

Section 39-669.07(2) deals with individuals who have one previous conviction and provides that if convicted a second time:

> [T]he court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle for any purpose for a period of one year from the date of his or her conviction, and shall order that the operator's license of such person be revoked for a like period.

As in the case of subsection (1), the act then addresses what is to occur in the event the individual is placed on probation, providing:

> If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska *for any purpose* for a period of six months *from the date of the order* and such order of probation shall include as one of its conditions confinement in the city or county jail for forty-eight hours.

(Emphasis supplied.)

Finally, the act deals with persons who have been convicted two or more times, providing that upon conviction the court "shall, as part of the judgment of conviction, order such person to never again drive any motor vehicle in the State of Nebraska for any purpose from the date of his or her conviction, and shall order that the operator's license of such person be permanently revoked."

As with first and second offenses, the act then addresses what is to happen in the event the individual is placed on probation, providing:

If the court places such person on probation or suspends the sentence for any reason, the court shall, as one of the conditions of probation or sentence suspension, order such person not to drive any motor vehicle in the State of Nebraska *for any purpose* for a period of one year, and such order of probation shall include as one of its conditions confinement in the city or county jail for seven days.

(Emphasis supplied.)

It would appear on its face, with regard to a conviction of driving under the influence of alcoholic liquor or drug, first offense or second offense, that the statute requires the court as a condition of probation to order the individual not to operate a motor vehicle "for any purpose" for a specified period of time "from the date of the order." "For any purpose" would seem to include work-related purposes. Furthermore, requiring that the period of prohibition be computed "from the date of the order" would seem to be fairly clear, thereby precluding any interpretation and preventing the action taken by the county court. Six months from the date of the order is a precise time.

In *Kellogg Company v. Herrington*, 216 Neb. 138, 343 N.W.2d 326 (1984), we held that where words of a statute are plain and unambiguous, no interpretation is needed to ascertain their meaning, and in the absence of anything to indicate the contrary, words are to be given their ordinary meaning. We further held in *Kellogg, supra*, that in construing statutes which are clear and unambiguous, courts cannot supply missing language, and it is not within the court's power to read into a statute meaning which the clear language does not warrant. Further, in *State v. Palmer*, 215 Neb. 273, 338 N.W.2d 281 (1983), we held that where the language of the statute was plain and unambiguous, no interpretation was needed, and the court was without authority to change the language. And in *In re Zoellner Trust*, 212 Neb. 674, 325 N.W.2d 138 (1982), we held that if the statute is ambiguous, the court, if possible, should attempt to discover the legislative intent but that if the language is unambiguous, there is no necessity for construction and this court has no jurisdiction to change the language.

We have difficulty, assuming that the Legislature has the

authority, to conceive how the Legislature could have been clearer in its direction. With regard to both first and second offenses, it specifically provided that as one of the conditions of probation, the individual was to be ordered not to operate a motor vehicle for any purpose and the time was to be computed from the date of the order. To do what the appellee urges and what the county court did would require us to hold that there was an ambiguity in the language. This we are unable to find.

Appellee argues that there is an ambiguity because, while the subsections dealing with both first and second offenses provide that one is not to operate a motor vehicle for any purpose for a specific time "from the date of the order," the subsection dealing with third offense has no such language, and it would therefore be inconsistent and silly to conclude that the Legislature intended the time to run continuously with regard to first and second offenses but interrupted with regard to third offense. It may very well be that in its drafting of this act the Legislature has created an ambiguity with regard to third offense driving while under the influence of alcoholic liquor or drug. The fact, however, that an ambiguity may exist with regard to third offense does not thereby of necessity create an ambiguity with regard to either first or second offense. Nor does the fact that one convicted of third offense drunk driving may argue for interrupted suspension give one convicted of second offense drunk driving such an argument. There is simply no ambiguity with regard to those situations in which an individual is convicted of driving while under the influence of alcohol or drug, first or second offense; and unless it is ultimately determined that the Legislature cannot restrict a trial court's inherent authority to suspend any sentence and place an individual on probation under whatever conditions the court determines, a matter we do not today decide, we must conclude that a trial court does not have the authority under § 39-669.07 to interrupt the period of suspension or permit one convicted of driving under the influence of alcoholic liquor or drug, first or second offense, to drive for limited work-related purposes. On second offense the period of prohibition against driving must be for a period of 6 continuous months computed from the date the order of probation is entered.

Havorka further argues that, regardless of the language found in § 39-669.07, the trial court has general authority to modify an order of probation under the provisions of Neb. Rev. Stat. § 29-2263(2) (Reissue 1979), which provides that "[d]uring the term of probation, the court on application of a probation officer or of the offender, or its own motion, may modify or eliminate any of the conditions imposed on the offender or add further conditions authorized by section 29-2262." The difficulty with this argument is that it fails to recognize that § 29-2263 refers to the conditions imposed by the court at the court's discretion under Neb. Rev. Stat. § 29-2262 (Reissue 1979) and not under the required provisions of § 39-669.07. We therefore have a conflict between a general statute and a specific statute. We have many times determined how that conflict is to be resolved, saying: " 'Where general and special provisions of statutes are in conflict, the general law yields to the special, without regard to priority of dates in enacting the same, and a special law will not be repealed by general provisions unless by express words or necessary implication. . . .' " *Hall v. Cox Cable of Omaha, Inc.*, 212 Neb. 887, 894, 327 N.W.2d 595, 600 (1982). Again, assuming but not deciding that the Legislature has the authority to impose a condition of probation, it is clear that the provisions of § 39-669.07 are part of a specific act, as opposed to § 29-2263, which is a general act. Therefore, the specific applies over the general.

Because this is an appeal proceeding presented by leave of court pursuant to § 29-2315.01, we do not reverse and remand but merely declare that the trial court was in error and should not have entered such an order.

EXCEPTION SUSTAINED.