STATE OF NEBRASKA, APPELLANT, V. BENITA M. RAMIREZ, APPELLEE.

360 N.W.2d 484

Filed December 28, 1984.   No. 84-319.

Glenn A. Clark, Dawson County Attorney, for appellant.

James M. O'Rourke of Smith & Smith, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This case involves an appeal by the State, through the county attorney of Dawson County, pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 1984). The State argues that the sentence given by the trial judge was not authorized by Neb. Rev. Stat. § 39-669.07 (Reissue 1984). We agree, and determine that under § 39-669.07(1) the court-ordered suspending of driving privileges must be for a continuous period computed from the date the order of probation is entered.

Defendant, Benita M. Ramirez, was cited on January 11, 1984, for driving while intoxicated. On January 26, 1984, she

entered a plea of guilty, which plea was accepted by the trial court. She was sentenced at that time to probation for 6 months. Terms of probation included a provision "[t]hat she shall not operate a motor vehicle for any purpose in the State of Nebraska for a period of sixty days. Said sixty days of suspension of driving privileges shall be on weekends only with the Defendant having the right to operate a motor vehicle during the week."

During the pendency of this appeal, we decided *State v. Havorka, ante* p. 367, 355 N.W.2d 343 (1984). We there stated that § 39-669.07 does not authorize a trial court to give an interrupted suspension of driving privileges. *Havorka* controls in this instance.

We note that defendant did not raise any issue as to the constitutionality of § 39-669.07 in this court until her response to the State's motion for summary dismissal or affirmance. Accordingly, we need not reach the issue.

As was *Havorka*, this case is here pursuant to § 29-2315.01. Therefore, we do not reverse and remand. We need only point out the trial court's error in light of our holding in *Havorka*.

EXCEPTION SUSTAINED.