514 N.W.2d 310 (1994)
245 Neb. 603
Patrick B. LYNCH, Appellee and Cross-Appellant,
v.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, Appellant and Cross-Appellee.
No. S-92-894.
Supreme Court of Nebraska.
April 8, 1994.
*312 Don Stenberg, Atty. Gen., and Laurie Smith Camp, Lincoln, for appellant.
Patrick B. Lynch, pro se.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.
LANPHIER, Justice.
A Nebraska State Penitentiary disciplinary committee found that inmate Patrick B. Lynch violated prison rules by participating in an escape attempt. An initial report filed by a guard on duty in one of the security towers did not mention Lynch's participation in the attempt. A second report filed by the same guard on the following day stated that the officer saw Lynch with what appeared to be a jar or bottle in his hands with a rag protruding from the top of it. The second report was the basis for the allegations of Lynch's participation in the attempted escape. Lynch appealed the decision to the Nebraska Department of Correctional Services (DCS) Appeals Board, which affirmed the committee's decision. The district court for Lancaster County reversed the decision of the appeals board. The DCS appeals that decision. We affirm.

FACTS
On August 31, 1991, several inmates attempted an escape in the prisonyard of the Nebraska State Penitentiary. The attempt resulted in two officers suffering burn injuries and one officer being doused with a flammable liquid. Several officers filed reports describing their observations both before and during the escape attempt. A search of the prisonyard uncovered evidence of the escape attempt.
Lynch was implicated in the escape attempt by an Officer Blake, who was a guard on duty at the time of the escape attempt. Officer Blake filed two reports about the incident. The first, filed shortly after control was regained in the prisonyard, placed Lynch in the yard at the time of the escape attempt. The second report filed by Officer Blake a day later implicated Lynch in the escape by stating that the officer saw Lynch carrying "what appeared to be a bottle or a jar in his hands." The report added that the bottle had a rag protruding from the top of it.
At a disciplinary hearing on January 2, 1992, Lynch was found guilty of escape, possession of escape paraphernalia, and possession or manufacturing of weapons. The penalties consisted of loss of good time and disciplinary segregation.
The appeals board reviewed Lynch's appeal and upheld the decision of the disciplinary committee. Lynch timely filed an administrative appeal to the district court. The district court reversed the decision of the appeals board after finding that the appeals board's conclusions were not supported by competent, material, and substantial evidence.
*313 The DCS has appealed the decision of the district court, alleging that the district court erred when it found that the decision of the appeals board was unsupported by competent, material, and substantial evidence. On cross-appeal, Lynch claims that the district court erred when it failed to pass on the merits of his claim that the DCS rule at 68 Neb.Admin.Code, ch. 5, § 004 (1990), "Standard of Proof Required" (Rule 5.004), is unconstitutionally vague.

STANDARD OF REVIEW
A judgment rendered or final order made by the district court may be reversed, vacated, or modified on appeal for errors appearing on the record. Neb.Rev.Stat. § 84-918(3) (Cum.Supp.1992). An appellate court, in reviewing a judgment of the district court for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. Bell Fed. Credit Union v. Christianson, 244 Neb. 267, 505 N.W.2d 710 (1993).
The district court reversed the decision of the appeals board under Neb.Rev. Stat. § 84-917(6)(a) (Cum.Supp.1992) because the appeals board's decision was not supported by competent, material, and substantial evidence. The district court applied the wrong standard of review. When a petition instituting proceedings for review under the Administrative Procedure Act is filed in the district court on or after July 1,1989, the review shall be conducted by the district court de novo on the record. § 84-917(5)(a); Bell Fed. Credit Union v. Christianson, supra. However, applying the standard of review articulated in Bell Fed. Credit Union v. Christianson, 237 Neb. 519, 466 N.W.2d 546 (1991), the predecessor to the formerly cited case, we may review the record to determine if as a matter of law the evidence was insufficient to demonstrate that Lynch violated the prison rule as found by the disciplinary committee. For reasons set forth below, we find that the district court properly reversed the disciplinary action imposed on Lynch.

EVIDENTIARY STANDARD
Before considering whether the evidence was sufficient to support the findings of the disciplinary committee, we must determine what evidentiary standard must be met before an appellate court may affirm the findings of the disciplinary committee that an inmate has violated a prison rule. If there is a constitutionally protected liberty interest at stake, then at a minimum, the disciplinary proceedings must comply with constitutionally adequate due process standards. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
In order to implicate the protections of the Due Process Clause, there must be a protectable liberty interest of the inmate's at stake. Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd., 238 Neb. 39, 469 N.W.2d 120 (1991). In Nebraska, the reduction of sentence for good behavior is a statutory right which may not be taken away without following minimum due process procedures. Wolff v. McDonnell, supra. When determining what minimum due process is required for prison disciplinary proceedings, it is important to note that such proceedings are not treated as criminal prosecutions, and therefore, the full panoply of rights due a criminal defendant does not apply. Id. Instead, there must be a mutual accommodation between the institutional needs and objectives and the provisions of the Constitution. Id. In McDonnell, the Supreme Court held that when good time credits are a protectable liberty interest, an inmate facing disciplinary charges must receive (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. In McDonnell, the Court did not specify what amount of evidence would be necessary to support the fact finder's decision. In Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the Court held that in order to comport with minimum requirements of due process, the *314 findings of the prison board must be supported by "some evidence" in the record.
Other jurisdictions have added that although only "some evidence" is required to meet minimum due process requirements, that evidence must have some "indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). See, also, Mendoza v. Miller, 779 F.2d 1287 (7th Cir.1985), cert. denied 476 U.S. 1142,106 S.Ct. 2251, 90 L.Ed.2d 697 (1986); Kyle v. Hanberry, 677 F.2d 1386 (11th Cir.1982).
Applying the foregoing to the case before us, we find that under the minimum evidentiary standard required by the Due Process Clause, the district court was only required to find that "some evidence" supported the findings of the disciplinary committee. However, this evidence must be supported by some "indicia of reliability." We find that the district court correctly found that the evidence was insufficient to uphold the findings of the disciplinary committee. The district court found that although there was evidence of weapons and escape paraphernalia found in the prisonyard, none of the evidence was ever shown to be connected to Lynch. Clothing belonging to other inmates was tested and found to have traces of xylene. There was no evidence that any testing was performed on the clothing Lynch was wearing at the time of the incident.
The district court also found that the only evidence incriminating Lynch's participation in the escape attempt was the second report written by Officer Blake. The second report written by the officer was nearly identical to the first, except that in the second report the officer added that Lynch carried "what appeared to be a bottle or jar" with a rag protruding from it. We find, as apparently the district court did, that there was a discrepancy between the two reports. Also, Lynch's claim is undisputed that officers did not contact him until approximately 3 hours after the escape attempt. This would be unlikely if Officer Blake believed Lynch was carrying a potentially dangerous substance. These facts reduce the "indicia of reliability" necessary to support the findings of the disciplinary board. The reliability of the report is further questioned by the fact that Officer Blake was not clear in his second misconduct report that Lynch was carrying a jar or bottle at the time of the incident. Instead, as noted by the district court, the officer qualified his observations in the second report by stating that Lynch "appeared" to be carrying a jar or bottle. Based on the foregoing, we find that the only evidence implicating Lynch, namely Officer Blake's second report, was not sufficient to support the findings of the disciplinary committee because it lacks a sufficient "indicia of reliability." We therefore affirm the judgment of the district court.

CROSS-APPEAL
On cross-appeal, Lynch claims that Rule 5.004 is unconstitutionally vague. Lynch contends that Rule 5.004 does not define the degree of persuasion necessary to determine whether an inmate is guilty or not of the infraction charged. There is no merit in this claim. The standard set by Rule 5.004 is not unconstitutional.
Rule 5.004 states the standard of proof required:
An inmate commits an offense only when he or she engages in conduct which fulfills all the necessary elements of the offense. The conduct must be voluntary and be intentional or reckless or grossly negligent. The accused must have had notice that the conduct was proscribed by the Code of Offenses or applicable statutes.
Lynch argues that this standard of proof deprives him of due process because it fails to delineate the degree of proof necessary to establish his guilt.
Agency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law. Nucor Steel v. Leuenberger, 233 Neb. 863, 448 N.W.2d 909 (1989). When a legislative enactment is challenged on vagueness grounds, the issue is whether the two requirements of procedural due process are met: (1) adequate notice to citizens and (2) adequate standards to prevent arbitrary enforcement. City of Lincoln v. ABC Books, Inc., 238 Neb. 378, 470 N.W.2d 760 (1991).
*315 As stated earlier, the reduction of sentence for good behavior is a statutory right which may not be taken away without following minimum due process procedures. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to "instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication."
Addington v. Texas, 441 U.S. 418, 423, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (quoting In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)).
In the case Goff v. Dailey, 991 F.2d 1437 (8th Cir.1993), the court held that using "some evidence" as a standard of proof for its factual determinations at disciplinary hearings did not violate an inmate's due process rights. The court reasoned that under Superintendent v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), although prison inmates have an interest in ensuring that disciplinary actions which infringe on their protected liberties are not imposed arbitrarily, this interest must be balanced with the prison authorities' interest in maintaining safety and security within the prison facilities and avoiding burdensome administrative requirements. Therefore, as long as the inmate was afforded the procedural safeguards afforded in Wolff v. McDonnell, supra, due process was satisfied if the committee's findings were based on "some evidence." Goff v. Dailey, supra.
In regard to prison disciplinary proceedings, only a minimum standard of proof is necessary to comport with minimum due process requirements. In other words, the disciplinary committee's findings will be upheld under a due process analysis as long as appropriate procedural safeguards are provided and the findings are supported by "some evidence" which has some "indicia of reliability." We find that Rule 5.004 satisfies that standard.

CONCLUSION
We affirm the district court's decision because the findings made by the disciplinary committee were not supported by "some evidence" which had some "indicia of reliability." As to Lynch's cross-appeal, the standard of proof is not unconstitutionally vague.
AFFIRMED.
WRIGHT, J., participating on briefs.