DONALD W. CRAWFORD, APPELLEE, V. DEPARTMENT OF MOTOR VEHICLES, AN ADMINISTRATIVE AGENCY OF THE STATE OF NEBRASKA, APPELLANT.

518 N.W.2d 148

Filed July 8, 1994.   No. S-92-1086.

Don Stenberg, Attorney General, and Paul N. Potadle for appellant.

Tim J. Kielty for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

LANPHIER, J.

Following an administrative hearing, the Nebraska Department of Motor Vehicles (Department) revoked Donald W. Crawford's driver's license on February 25, 1991, pursuant to the implied consent law. The arresting officer, who was not certified to administer the Intoxilyzer breath test, had observed the technician attempt to administer the test. The officer testified at the administrative hearing before the Department that Crawford unreasonably refused to submit to the Intoxilyzer test by pretending to blow into the machine. Crawford claimed medical conditions were the cause of the apparent refusal. Crawford appealed to the Douglas County District Court, which reversed the Department's order finding that the arresting officer was not qualified to give an opinion that Crawford unreasonably refused to submit to the breath test. The Department appealed to this court. We affirm the district court.

## FACTUAL BACKGROUND

Appellee, Donald W. Crawford, was arrested November 5, 1991, by Officer David Baker for suspicion of operating a motor vehicle while under the influence of alcoholic liquor or drugs. At the Omaha police station, crime lab technician Donald Veys administered a breath test to Crawford using an Intoxilyzer 5000 machine to measure Crawford's blood alcohol content. Veys is certified and licensed to administer such a test pursuant to Neb. Rev. Stat. § 39-669.11 (Cum. Supp. 1990). Veys did not testify. Officer Baker, who is not certified to

administer the test, witnessed Veys' administration of the test to Crawford. Crawford blew into the machine four separate times, giving a partial but insufficient sample. Crawford was subsequently cited for refusal to take the test under Neb. Rev. Stat. § 39-669.15 (Reissue 1988). At an administrative hearing before the Department, Officer Baker rather than Veys testified that Crawford refused to cooperate. Crawford submitted medical testimony that he had conditions on the date of the test which would inhibit his ability to blow into the machine. The Department terminated Crawford's license. Crawford timely appealed to the district court, which, after a de novo review, reversed the Department's order. The Department timely appealed the district court's order to the Nebraska Court of Appeals. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court. We affirmed the order of the district court.

## ASSIGNMENTS OF ERROR

Appellant, the Department, asserts that the district court erred (1) in determining that Officer Baker was not qualified to give an opinion as to whether Crawford was blowing into the Intoxilyzer properly and (2) in reversing the order of the Department in the absence of a finding of physical disability.

## STANDARD OF REVIEW

When a petition instituting review pursuant to the Administrative Procedure Act is filed in the district court, the review by the district court shall be de novo on the record. Neb. Rev. Stat. § 84-917(5)(a) (Cum. Supp. 1992); *Lee v. Nebraska State Racing Comm.*, 245 Neb. 564, 513 N.W.2d 874 (1994). The judgment rendered or final order made by the district court may be reversed, vacated, or modified by the Supreme Court or the Court of Appeals for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Cum. Supp. 1992); *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Lee v. Nebraska State Racing Comm., supra.*

## ANALYSIS

A witness may qualify as an expert by virtue of either formal training or actual practical experience in the field. Neb. Rev. Stat. § 27-702 (Reissue 1989); *State v. Chambers*, 241 Neb. 66, 486 N.W.2d 481 (1992). The district court determined that Officer Baker was not qualified to offer his opinion as to whether or not Crawford blew into the Intoxilyzer machine properly. Officer Baker had never physically administered an Intoxilyzer 5000 test before, and he was not licensed to administer the test. Officer Baker did not physically administer the Intoxilyzer 5000 test to Crawford, although he was a witness. He had not read the Department's procedures for administering the test. Officer Baker had observed the administration of the Intoxilyzer 5000 test on only 10 occasions previously. We need not reach the question of whether Officer Baker was qualified as an expert witness. Under our standard of review, we affirm the judgment of the district court if there is competent evidence in the record to support the judgment. We find no errors appearing on the record which support the Department's contention that the district court erred in its judgment.

In its second assignment of error, the Department asserts that the district court erred in reversing its order in the absence of a finding of physical disability. Physical inability to perform a test may excuse conduct which might otherwise be treated as refusal. *State v. Clark*, 229 Neb. 103, 425 N.W.2d 347 (1988); *Jamros v. Jensen*, 221 Neb. 426, 377 N.W.2d 119 (1985). However, absent Officer Baker's opinion that Crawford blew into the Intoxilyzer improperly, there is no evidence that Crawford manifested an unwillingness to submit to the test. In the absence of evidence that Crawford's conduct constituted a refusal, the question of whether or not a physical disability was the cause of the alleged refusal is moot.

## CONCLUSION

There being no errors which appear on the record, the order of the district court is affirmed.

AFFIRMED.