JOHN CAVE, APPELLANT, v. NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLEE.

572 N.W. 2d 420

Filed December 16, 1997. No. A-96-768.

Paul D. Boross and, on brief, John Cave for appellant.

Don Stenberg, Attorney General, and Marie C. Pawol for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and IRWIN, Judges.

MILLER-LERMAN, Chief Judge.

John Cave appeals the order of the district court for Lancaster County affirming the Nebraska Department of Correctional Services (DCS) Appeals Board's affirmance of a prison disciplinary committee finding that Cave had violated prison rules prohibiting the possession of a weapon or an article to be used as a weapon. Cave claims that there was insufficient evidence that the article found in his possession, an

X-ACTO blade, was to be used as a weapon. For the reasons recited below, we affirm.

## BACKGROUND

On October 20, 1995, a DCS employee conducted a search of Cave's prison cell at the Nebraska State Penitentiary and discovered the blade taped to the inside of the battery compartment of a radio/cassette player. Cave admitted that the radio was his and that he had hidden the blade.

Following a hearing in front of the prison disciplinary committee, Cave was found guilty of violating DCS rules, which list as an offense "[p]ossession or manufacture of any weapon or article to be used as a weapon." See 68 Neb. Admin. Code, ch. 5, § 5(I)[D]. Cave stated that he had placed the blade inside the radio because he planned to use it in repairing the radio, which had earlier been stolen from him. Cave admitted that he should not have had the blade in his cell because it was unauthorized but argued that he had no intention of using the blade as a weapon. The disciplinary committee imposed a penalty of 15 days' loss of good time and 30 days' disciplinary segregation.

Cave appealed the decision of the disciplinary committee to the appeals board. On December 7, 1995, a hearing was held and the appeals board affirmed the decision of the disciplinary committee, finding that some competent, material, and substantial evidence existed to support the disciplinary committee's finding of guilt. The appeals board stated, in part, that the disciplinary committee "chose to consider this blade as an item which could be used as a weapon, [and] the Appeals Board certainly finds that to be a reasonable interpretation."

On January 4, 1996, Cave appealed to the district court for Lancaster County. After a de novo review pursuant to Neb. Rev. Stat. § 84-917 (Reissue 1994), the district court affirmed without comment the appeals board's decision. Cave appeals to this court.

## ASSIGNMENT OF ERROR

Cave's sole assignment of error is that the district court erred in affirming the decision of the appeals board because there was insufficient evidence to sustain a finding that Cave had violated chapter 5, § 5(I)[D], of the DCS rules.

## STANDARD OF REVIEW

 A judgment rendered or final order made by the district court in an appeal from a prison disciplinary case may be reversed, vacated, or modified on appeal for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 1994); *Lynch v. Nebraska Dept. of Corr. Servs.,* 245 Neb. 603, 514 N.W.2d 310 (1994). An appellate court, in reviewing a judgment of the district court for errors appearing on the record, will not substitute its factual findings for those of the district court, where competent evidence supports those findings. *Lynch, supra.*

## ANALYSIS

Cave's argument rests on the interpretation of chapter 5, § 5(I)[D]. Cave claims that the appeals board erred in concluding that he violated chapter 5, § 5(I)[D], because, according to the appeals board, the disciplinary committee had found that the blade " '**could be** used as a weapon,' " whereas the prison rule forbids items " '**to be** used as a weapon.' " Brief for appellant at 13.

A review of the record shows that the disciplinary committee action sheet states that the "committee finds [Cave] guilty of possession of weapon." As noted above, the appeals board upheld the disciplinary committee's finding, stating that "[t]he Committee chose to consider this blade as an item which could be used as a weapon, [and] the Appeals Board certainly finds that to be a reasonable interpretation."

The record reflects that Cave acknowledged that the blade was in his possession and that he kept the blade concealed because he knew such possession was against the rules. Notwithstanding this court's standard of review for errors appearing on the record, Cave, in effect, asks this court to substitute a finding of fact that in this case the blade was not a weapon. Given our standard of review and the undisputed factual record, we decline to do so.

 In the context of a criminal conviction for carrying a concealed weapon, the Nebraska Supreme Court has held that the existence of a required intent, knowledge, or other state of mind may be established through circumstantial evidence. *State v. Pierson,* 239 Neb. 350, 476 N.W.2d 544 (1991). We logically

extend to issues involved in prison disciplinary cases the principle found in the criminal cases that the existence of a required intent, knowledge, or other state of mind may be established through circumstantial evidence.

In this case, Cave's own testimony establishes his knowledge that possession of the blade was forbidden and that he knew his possession of it could be viewed as not innocent. The fact finder is not required to accept Cave's explanation that he did not intend to use the blade as a weapon or his explanation as to why it was in his possession. See *State v. Kanger*, 215 Neb. 128, 337 N.W.2d 422 (1983) (holding that in context of prison environment, to conclude that possession of homemade knife in defendant's sock did not constitute carrying concealed weapon would ignore reality). See, also, *State v. Conklin*, 249 Neb. 727, 545 N.W.2d 101 (1996) (holding that there was sufficient evidence to convict defendant of carrying concealed weapon notwithstanding defendant's claim that he had just left work and that knife found in his pocket was used to open packages of meat at his place of employment).

For obvious reasons, Cave was not authorized to possess the blade in his cell. A sharp instrument such as the blade could easily be used to injure other prisoners or DCS employees. The disciplinary committee clearly inferred from Cave's actions in concealing the blade that he knew it was an article to be used as a weapon and, therefore, a violation of chapter 5, § 5(I)[D]. Although the appeals board characterized the disciplinary committee's finding as that Cave possessed "an item which could be used as a weapon" instead of using the language of chapter 5, § 5(I)[D], which forbids possession of "any weapon or article to be used as a weapon," it is nevertheless clear that the appeals board affirmed the disciplinary committee's conclusion that Cave possessed an article to be used as a weapon. The district court's subsequent evident rejection of Cave's argument and affirmance of the appeals board's decision was not error.

Finding no errors on the record, we affirm the decision of the district court.

AFFIRMED.