COREY V. DAILEY, APPELLEE, v. NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLANT.

578 N.W. 2d 869

Filed April 28, 1998. No. A-97-168.

Don Stenberg, Attorney General, and Melanie J. Whittamore-Mantzios for appellant.

No appearance for appellee.

MILLER-LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

MILLER-LERMAN, Chief Judge.

The Nebraska Department of Correctional Services (DCS) appeals the order of the district court for Douglas County, reversing the decision of the DCS Appeals Board (Appeals Board) which had upheld the decision of the prison disciplinary committee (Committee), finding that Corey V. Dailey violated prison rules against drug or intoxicant abuse. For the reasons recited below, we reverse the order of the district court.

## BACKGROUND

On July 1, 1996, Dailey, an inmate at the Omaha Correctional Center, submitted a urine sample for testing, the results of which came back on July 8, 1996, and were positive for cannabinoids.

On July 9, 1996, Dailey completed an inmate interview request form, requesting that the Nebraska rules of evidence be applied to the upcoming hearing. This request referred to Neb. Rev. Stat. § 27-1101(4)(c) (Reissue 1995), which generally provides that the rules of evidence do not apply to contested cases before an administrative agency under the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1994 & Cum. Supp. 1996), unless a party requests that the agency be bound by the rules of evidence.

On July 16, 1996, a disciplinary hearing was conducted before the Committee. Only as much of those proceedings are described in this opinion as are necessary for the determination of this appeal. At the hearing, Dailey was presented with written evidence that his urine had tested positive for cannabinoids. Other written evidence was presented that established the chain of custody of Dailey's urine sample and the accuracy of the tests.

Dailey was represented by another inmate. Dailey's defense to the charge of drug use was that his urine tested positive due to passive inhalation. Dailey's evidence, if believed, showed

that he was housed with another inmate, who smoked marijuana heavily in their cell.

Statements by two inmates in the same housing unit were evidently submitted generally describing marijuana use in the unit in which Dailey had been housed. Specifically, Dailey submitted an affidavit from his cellmate, Ray Wolfe, which is in the record, in which Wolfe stated that he was smoking 10 marijuana cigarettes every day during the month of June 1996. Dailey stated that he did not report the marijuana use.

At the disciplinary hearing, Dailey objected to the fact that he could not cross-examine the DCS witnesses whose reports had been received by the Committee. The Committee stated that it felt that the incident report and urinalysis reports were sufficient. Although Dailey indicated that he had questions of the DCS witnesses, upon inquiry, he could not articulate any questions he wished to pose to the witnesses. It is this lack of cross-examination and the absence of the use of the rules of evidence about which Dailey later complained in his appeal to the district court.

The Committee found that Dailey had violated prison prohibitions against drug or intoxicant abuse. A penalty of a loss of 3 months' good time and 30 days' room restriction was imposed for this, Dailey's fifth offense.

Dailey appealed to the Appeals Board. On August 21, 1996, the Appeals Board affirmed the Committee's decision.

On September 20, 1996, Dailey filed a petition in the district court for Douglas County, pursuant to § 84-917 of the Administrative Procedure Act. The district court conducted a hearing on January 28, 1997. On that same date, the district court entered a written order reversing the decision of the Appeals Board. The district court concluded that Dailey had been denied a fair hearing by the Committee because of its failure to employ the rules of evidence. The district court ordered that the determination of Dailey's misconduct be expunged from Dailey's institutional and parole records.

DCS appealed. During the pendency of the appeal in this court, on June 4, 1997, DCS filed a statement pursuant to Neb. Ct. R. of Prac. 7C (rev. 1996) pertaining to mootness, indicating that Dailey had been discharged from the custody of DCS.

DCS claimed that the fact of Dailey's discharge did not moot this appeal and that the case falls within the public interest exception to the mootness doctrine. See, *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992); *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). See, also, *Williams v. Hjorth*, 230 Neb. 97, 430 N.W.2d 52 (1988); *State ex rel. Coulter v. McFarland*, 166 Neb. 242, 88 N.W.2d 892 (1958). The question presented in this appeal, according to DCS' rule 7C statement, is whether or not the rules of evidence apply in inmate disciplinary proceedings. This court entered an order on June 10 that based on the public interest exception to the mootness doctrine as to this issue, the case should proceed.

## ASSIGNMENT OF ERROR

According to the rule 7C statement, the question on appeal is whether inmates, such as Dailey, are entitled to the use of the rules of evidence during prison disciplinary hearings. To the extent that there were other errors assigned in DCS' brief, it has abandoned them in this appeal.

## STANDARD OF REVIEW

In an appeal of this nature, a judgment rendered or final order made by a district court may be reversed, vacated, or modified on appeal for errors appearing on the record. § 84-918(3); *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994). An appellate court, in reviewing a judgment of a district court for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Lynch v. Nebraska Dept. of Corr. Servs., supra.*

However, on questions of law, a reviewing court reaches a conclusion independent from that of the inferior courts. *Dittrich v. Nebraska Dept. of Corr. Servs.*, 248 Neb. 818, 539 N.W.2d 432 (1995).

## ANALYSIS

The sole issue in this appeal is whether or not inmates, such as Dailey, are entitled to the application of the formal rules of evidence at prison disciplinary hearings. Based on the case law, statutes, and facts of this case, we conclude as a matter of law

that Dailey was not entitled to the application of the rules of evidence at the Committee hearing in this case and that, therefore, the district court's reversal on the basis that Dailey was denied a fair hearing for lack of the rules of evidence must be reversed.

*Due Process.*

■ It is well settled that " '[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.' " *State v. Kerns*, 201 Neb. 617, 620, 271 N.W.2d 48, 50 (1978).

■ It is also well settled that if there is a constitutionally protected liberty interest at stake, then at a minimum, the disciplinary proceedings must comply with constitutionally adequate due process standards. See *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). In Nebraska, the loss of good time is a protected liberty interest. *Lynch v. Nebraska Dept. of Corr. Servs., supra.* Compare *Dittrich v. Nebraska Dept. of Corr. Servs., supra* (holding that imposition of room restriction alone is not protected liberty interest).

■ In *Superintendent v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985), the U.S. Supreme Court stated that to affirm the imposition of a disciplinary measure and comport with due process, the findings of a prison disciplinary body must be supported by "some evidence" in the record, 472 U.S. at 454, and the decision of the prison disciplinary committee must have "some basis in fact," 472 U.S. at 456. In *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. at 608, 514 N.W.2d at 314, the Nebraska Supreme Court stated that "under the minimum evidentiary standard required by the Due Process Clause, the district court [reviewing the appeal of a prison disciplinary case] was only required to find that 'some evidence' supported the findings of the disciplinary committee. However, this evidence must be supported by some 'indicia of reliability.' "

■ *Lynch* was decided on April 8, 1994, and pertained to a disciplinary committee hearing conducted on January 2, 1992. Pursuant to 1993 Neb. Laws, L.B. 455, now found at Neb. Rev. Stat. § 83-4,122(9) (Reissue 1994) and which applies to hearings held on or after September 9, 1993, the standard of proof required to sustain a prison disciplinary charge was changed by

statute to "substantial evidence." No mention of § 83-4,122(9) appears in *Lynch*, presumably because the disciplinary hearing involved in that case occurred prior to the effective date of L.B. 455, and *Lynch* was, therefore, decided on due process grounds.

 In federal and state jurisdictions which have considered the issue in prison disciplinary cases, "substantial evidence" is generally considered a stricter standard than merely reliable evidence or "some evidence." See *Cepulonis v. Commissioner of Correction*, 15 Mass. App. 292, 445 N.E.2d 178 (1983) (cases collected). Substantial evidence has been defined, for example, as "findings [which] are supported by such evidence as 'a reasonable mind might accept as adequate to support a conclusion,' . . . taking into account whatever in the record fairly detracts from the weight of the evidence." 15 Mass. App. at 296, 445 N.E.2d at 180.

According to the Statement of Intent accompanying L.B. 455, the passage of that bill "would replace the 'some evidence' standard [in prison discipline cases] with the 'substantial evidence' standard — which is more than 'some evidence' but less than 'preponderance of the evidence'." Statement of Intent, Judiciary Committee, 93d Leg., 1st Sess. (Feb. 10, 1993). Under Nebraska case law, "substantial evidence" has been defined as " '[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.' " *Wright v. State ex rel. State Real Estate Comm.*, 208 Neb. 467, 476-77, 304 N.W.2d 39, 44 (1981), quoting Black's Law Dictionary 1281 (5th ed. 1979). We also note for the sake of completeness that the preponderance of evidence standard has been rejected in related cases. See, e.g., *United States v. Smith*, 571 F.2d 370 (7th Cir. 1978) (holding that due process does not require preponderance of evidence in probation revocation cases).

*Case Law.*

 In assessing whether or not the formal rules of evidence should apply to prison disciplinary cases, the weight of authority in both federal and state cases is that the rules of evidence do not apply. See 2 Michael Mushlin, *Rights of*

*Prisoners*, § 9-21 (2d ed. 1993). The federal cases rely on the requirements of due process, and the state cases rely on both due process and state statutes in reaching this conclusion. As summarized in *Rights of Prisoners*:

> A disciplinary hearing is neither a civil nor a criminal proceeding. As a consequence, the formal rules of evidence observed in criminal and civil trials do not apply. Courts in most states have also rejected the argument that a disciplinary hearing must conform to the evidentiary requirements of the state's Administrative Procedure Act. The end result appears to be that disciplinary hearings are sui generis, governed by neither the evidentiary rules of a civil trial, a criminal trial, nor an administrative hearing. The only limitations appear to be those imposed by due process, a statute, or administrative regulations.

*Id.* at 476-77.

With respect to the federal cases, the conclusion that the rules of evidence do not apply in prison discipline cases is generally based on the requirements of due process. Thus, for example, in *Hrbek v. Nix*, 12 F.3d 777, 780 (8th Cir. 1993), *cert. denied* 513 U.S. 926, 115 S. Ct. 313, 130 L. Ed. 2d 275 (1994), the U.S. Court of Appeals for the Eighth Circuit stated: "In the prison discipline context, where swift and sure punishment is often imperative, the Constitution does not require trial-like evidentiary standards."

Furthermore, the federal courts have consistently held that the requirement under *Superintendent v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985), that the findings be supported by the "standard of 'some evidence' does not require compliance with the Federal Rules of Evidence, but only that the decision of the disciplinary committee have 'some indicia of reliability.' " *Acuna v. Lewis*, No. 90-15319, 1991 WL 122373 at *1 (9th Cir. July 9, 1991) (unpublished disposition listed in table of "Decisions Without Published Opinions" at 937 F.2d 611 (9th Cir. 1991)). See, also, *Pella v. Adams*, 702 F. Supp. 244, 246 (D. Nev. 1988) (" 'some evidence' standard does not require that the evidence presented to the prison disciplinary committee comply with the Federal Rules of Evidence"). Compare, *Lenea v. Lane*, 882 F.2d 1171 (7th Cir. 1989); *Soto v.*

*Lord*, 693 F. Supp. 8, 18-19 (S.D.N.Y. 1988) (holding that although " 'technical rules of evidence do not apply in prison disciplinary proceedings' [citations omitted], nevertheless 'the basic integrity of the system' must be insured").

The state cases brought as prison discipline appeals and post-conviction cases which have considered the issue of whether or not rules of evidence are required in prison disciplinary hearings have consistently concluded that the rules of evidence are not required under due process or relevant state statute. Thus, for example, certain cases rely on the cases collected in the *Rights of Prisons, supra*, with or without attribution. See, e.g., *Varnson v. Satran*, 368 N.W.2d 533 (N.D. 1985); *Owens v. State*, 507 So. 2d 576 (Ala. Crim. App. 1987). Others so conclude, based on the individual state's case law which has its origins in the state's administrative law cases, that technical rules of evidence are not required in disciplinary proceedings before administrative officers. See, e.g., *Price v. Coughlin*, 116 A.D.2d 898, 498 N.Y.S.2d 209 (1986) (relying on *Matter of Sowa v. Looney*, 23 N.Y.2d 329, 244 N.E.2d 243, 296 N.Y.S.2d 760 (1968)). Where the state's administrative procedure act has been considered, it has been concluded that the rules of evidence are not required in prison disciplinary cases under the individual state's administrative procedure act. See, e.g., *Wolfe v. State*, 114 Idaho 659, 661, 759 P.2d 950, 952 (Idaho App. 1988) (holding that "[p]rison administrative and disciplinary proceedings are subject neither to the Rules of Evidence nor the provisions of the Administrative Procedure Act"). See, also, *Wightman v. Superintendent*, 19 Mass. App. 442, 445, 475 N.E.2d 85, 88 (1985) (holding that although disciplinary body is not bound by courtroom rules of evidence, it may admit and accord probative value only to kind of evidence on which " 'reasonable persons are accustomed to rely in the conduct of serious affairs,' " latter definition equating to standard in Massachusetts State Administrative Procedure Act). Where the state statute governing prison disciplinary proceedings does not require the rules of evidence, obviously they do not apply. Thus, in *Farrell v. Or. State Penitentiary, Corr. Div.*, 51 Or. App. 465, 468, 625 P.2d 1380, 1382 (1981), the court concluded that the evidence in a prison disciplinary case need not conform to the rules of evi-

dence applicable to court trials because, inter alia, "[Or. Rev. Stat. §] 421.190 provides: 'Evidence may be received at disciplinary hearings even though inadmissible under the rules of evidence applicable to court procedure . . . .'"

*Relevant Nebraska Statutes.*

The Nebraska statutes dealing specifically with disciplinary proceedings in adult institutions administered by DCS are found in Neb. Rev. Stat. ch. 83, art. 4 (Reissue 1994 & Cum. Supp. 1996), "Penal and Correctional Institutions." Section 83-4,122(9) provides: "The standard of proof to sustain the [prison disciplinary] charge shall be substantial evidence." Pursuant to § 83-4,122, the director of DCS is to establish disciplinary procedures consistent with the principles enumerated in subsections (1) to (9) as follows, inter alia: the establishment of disciplinary boards to hear charges against inmates, § 83-4,122(1); advance notice of the charge against an inmate, § 83-4,122(2); a hearing on the charge, § 83-4,122(3); the right to call witnesses where not unduly hazardous to institutional safety or correctional goals, § 83-4,122(4); if the charge is sustained, a written statement including a basis therefor and the action taken, § 83-4,122(5); no change in work or other program assignment can be used for disciplinary purposes, § 83-4,122(6); an opportunity to prepare a defense to a charge including the assistance of another inmate, § 83-4,122(7); a recording of the disciplinary hearing to be preserved for 6 months, § 83-4,122(8); and proof by substantial evidence, § 83-4,122(9).

Section 83-4,123 provides for judicial review "in accordance with the Administrative Procedure Act" of a prison disciplinary action resulting in disciplinary isolation or the loss of good-time credit. Notably, statutory reference to the Administrative Procedure Act in chapter 83 first appears in connection with appeals and is limited to a review of the decision after the factfinding hearing is completed pursuant to the provisions of § 83-4,122. That is, the Administrative Procedure Act is a process which applies only to the subsequent judicial review of prison disciplinary outcomes. The Administrative Procedure Act does not apply to the prison disciplinary process prior thereto.

Section 84-919 of the Administrative Procedure Act provides that "[e]xcept as otherwise provided by law, the Administrative Procedure Act establishes the exclusive means of judicial review of a final decision of any agency in a contested case." Section 84-919 of the Administrative Procedure Act has been found to be an avenue for the judicial review of a prison appeals board's decision. *Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd.*, 238 Neb. 39, 469 N.W.2d 120 (1991). For the sake of completeness, we note that there was historical jurisprudence which suggested that a judicial appeal from a prison disciplinary hearing could not be taken under the Administrative Procedure Act, *Reed v. Parratt*, 207 Neb. 796, 301 N.W.2d 343 (1981), but such doubts were removed in *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985).

The Administrative Procedure Act controls the appeal of prison disciplinary cases, but not the conduct of the initial prison disciplinary hearing. In introducing 1988 Neb. Laws, L.B. 352, § 187, which became § 84-919, the introducer's statement of intent clearly provided that the purpose of the bill was to make uniform appeals from state agency administrative hearings which are filed in district court and specifically provided that the bill was not intended to change substantive rights. Thus, § 84-919 is limited to "judicial review" of certain decisions, and neither § 84-919 nor the Administrative Procedure Act in general has an impact on how those decisions are reached prior to the appellate stage.

Both Dailey and the district court believed that the rules of evidence applied to the prison disciplinary hearing in this case. Presumably, they were relying on § 84-914(1), which provides that the rules of evidence are to be used in administrative cases where an individual requests 3 days before the hearing that the rules of evidence be applied and sets forth his or her willingness to bear the costs associated with invocation of the rules of evidence, including court reporting services.

There is no basis to apply § 84-914(1) to the hearings in prison disciplinary cases. As noted above, the Administrative Procedure Act applies to prison disciplinary cases only at the appellate stage. The prison disciplinary statute, § 83-4,122, provides the procedures to be employed in factfinding in prison

disciplinary cases. The specific provisions of chapter 83, the penal and correctional institution chapter, control over the general provisions of the Administrative Procedure Act. See *State v. Havorka*, 218 Neb. 367, 355 N.W.2d 343 (1984). In the instant case, the Administrative Procedure Act contains general provisions and applies only to the judicial appellate stage of the prison disciplinary case, the factfinding procedures of which are controlled by the specific provisions found in § 83-4,122. The specific statutes controlling the prison disciplinary proceedings, §§ 83-4,109 to 83-4,123, do not require the use of the rules of evidence.

In rejecting a similar claim that the federal Administrative Procedure Act applied to federal prisoners subject to a prison disciplinary action, the U.S. Court of Appeals for the Ninth Circuit noted that pursuant to evolving case law, the courts, rather than the legislatures, were providing for the due process required under *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), that the weight of precedent was that the federal Administrative Procedure Act did not apply to prison disciplinary cases, and that even a casual reading of the federal Administrative Procedure Act indicated that it was not written with prison disciplinary proceedings in the forefront of the drafters' minds. *Clardy v. Levi*, 545 F.2d 1241 (9th Cir. 1976). Compare *White v. Henman*, 977 F.2d 292 (7th Cir. 1992). The *Clardy* court concluded: "The plain and simple fact is that the A[dministrative] P[rocedure] A[ct] was not written with the problems of prison discipline in mind. The safeguards erected therein when applied comprehensively will unduly inhibit prison management." 545 F.2d at 1246. We agree with the observation of the *Clardy* court. We, therefore, conclude that as a matter of law, § 84-914(1) of the Administrative Procedure Act, providing for the use of the rules of evidence, does not apply to prison disciplinary actions tried in accordance with § 83-4,122.

## CONCLUSION

Based on the foregoing, it is clear that due process as explained in the federal and state cases does not require that the rules of evidence be applied in prison disciplinary hearings.

Furthermore, neither the standard of proof of "some evidence" nor the greater quantum of "substantial evidence" as required under § 83-4,122(9) requires that the rules of evidence be used in factfinding in prison disciplinary cases. Finally, following our review of relevant Nebraska statutes, we find there is no statutory requirement in either the prison disciplinary statutes or the Administrative Procedure Act that the rules of evidence be applied in prison disciplinary hearings.

In sum, neither due process, statute, nor administrative regulation required the application of the rules of evidence to the prison disciplinary hearing in this case. The district court's conclusion that Dailey was denied a fair hearing because his request for the use of the rules of evidence was denied was in error. The district court's order is reversed.

REVERSED.