676 N.W.2d 385 (2004)
12 Neb.App. 453
Kenneth BARNES, appellee,
v.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, appellant.
No. A-02-797.
Court of Appeals of Nebraska.
March 23, 2004.
*386 Don Stenberg, Attorney General, and Amber Fae Herrick for appellant.
Kenneth Barnes, pro se.
IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.
*387 INBODY, Judge.

INTRODUCTION
The Nebraska Department of Correctional Services (DCS) appeals the order of the Johnson County District Court reversing the decision of the DCS Appeals Board (Appeals Board) which affirmed a decision of the Institutional Disciplinary Committee (Committee) finding Kenneth Barnes guilty of violating a DCS rule prohibiting swearing, cursing, or use of abusive language or gestures and sanctioning Barnes to 7 days of disciplinary segregation.

STATEMENT OF FACTS
On March 1, 2002, a Sergeant Beenblossom, a DCS employee at the Tecumseh State Correctional Institution, filed a misconduct report against inmate Barnes. Sergeant Beenblossom stated in her report that at approximately 6:20 p.m., she heard several inmates talking in the hall between housing units and she directed the inmates to "lock down." Several of the inmates started toward her, and Sergeant Beenblossom informed them to back up and not touch her. Barnes asked her, " `And what are you gonna do if I do?' " She again informed them not to touch her or she would use force on them. At that point, Barnes "brought his left arm up and back in a very fast and threatening manner to take a swing at [her]." In response, Sergeant Beenblossom put her right arm up in a defensive position. Barnes then started to laugh and went into his housing unit. At the investigatory hearing, Barnes denied the contents of the misconduct report and stated that he wanted "the video from Central."
On March 12, 2002, a hearing was held by the Committee. Barnes waived his right to have the reporting employee and witnesses present, so Sergeant Beenblossom's report was read into the record. Although Barnes had filled out a request for the videotape of the alleged incident to be used in his defense, when he requested the videotape at the hearing, he was told by the Committee that the videotape was not going to be used as evidence. Barnes then told his version of the events and admitted that he "acted like [he] was going to grab [Sergeant Beenblossom's] hat." Barnes again stated that without the videotape, he felt that he was "being denied my right to have my evidence." The Committee found Barnes guilty of violating 68 Neb. Admin. Code, ch. 5, § 005III[D] (2000), which prohibits "[s]wearing, cursing, or using abusive gestures or language directed at another person; words, actions, or other behavior intended to harass, demean, or cause alarm in an employee," and imposed 7 days of disciplinary segregation.
Barnes appealed the decision of the Committee to the Appeals Board. On April 11, 2002, the Appeals Board affirmed the decision of the Committee, finding that the denial of the videotape was not a violation of Barnes' right to due process and that based on the misconduct report and Barnes' admission, there was sufficient evidence to support the Committee's ruling that he had acted like he was going to grab Sergeant Beenblossom's hat.
Pursuant to the Administrative Procedure Act, Barnes then appealed the Appeals Board's decision to the Johnson County District Court. A hearing before the district court was held on June 24, 2002. Two exhibits, the transcript of the pleading and the bill of exceptions from the March 12 hearing before the Committee, were received into evidence. On June 26, the district court entered an order reversing the decision of the Appeals Board, finding that DCS had violated Barnes' right to due process when the Committee denied Barnes' request for documentary evidence consisting of a videotape *388 and that the denial rendered the proceedings invalid. The district court did not reach the issue of whether there was sufficient evidence to find Barnes guilty of the rule violation. DCS has timely appealed to this court.

ASSIGNMENTS OF ERROR
On appeal, DCS contends that the district court erred when it reversed the decision of the Appeals Board based upon the court's finding that Barnes' proceedings were invalid because the denial of documentary evidence resulted in a violation of Barnes' due process rights. DCS further contends that there is competent evidence in the record to support the findings of both the Appeals Board and the Committee.

STANDARD OF REVIEW
A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Baxter v. Nebraska Dept. of Corr. Servs., 11 Neb.App. 842, 663 N.W.2d 136 (2003). See Neb.Rev.Stat. § 84-918(3) (Reissue 1999).
On an appeal under the Administrative Procedure Act, an appellate court reviews the judgment of the district court for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. Inner Harbour Hospitals v. State, 251 Neb. 793, 559 N.W.2d 487 (1997). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id.

ANALYSIS
First, we consider DCS' claim that the district court erred in reversing the decision of the Appeals Board based upon the court's finding that the denial of use of the requested videotape was a violation of Barnes' due process rights rendering the disciplinary proceedings invalid.
Disciplinary hearings are sui generis, governed by neither the evidentiary rules of a civil trial, a criminal trial, nor an administrative hearing. The only limitations are those imposed by due process, a statute, or administrative regulations. Baxter v. Nebraska Dept. of Corr. Servs., supra; Dailey v. Nebraska Dept. of Corr. Servs., 6 Neb.App. 919, 578 N.W.2d 869 (1998). An administrative regulation, 68 Neb. Admin. Code, ch. 6, § 006.07 (2000), provides in part: "The inmate charged shall be allowed to call witnesses with relevant knowledge and present relevant documentary evidence in the inmate's defense when permitting the inmate to do so will not be unduly hazardous to institutional safety or correctional goals." Accord Neb.Rev.Stat. § 83-4,122(4) (Reissue 1999).
In Baxter v. Nebraska Dept. of Corr. Servs., supra, the disciplinary committee denied an inmate's request to call a witness with relevant knowledge without finding that having the witness appear would be unduly hazardous to institutional safety or correctional goals. Failure to so determine violated both § 83-4,122(4) and 68 Neb. Admin. Code, ch. 6, § 006.07, which require that the disciplinary committee state in writing its reasons for refusing to call a witness. We held in Baxter that in prison disciplinary proceedings, when the disciplinary committee considers a charged inmate's request to call witnesses with relevant knowledge in the inmate's defense, the request should generally be permitted, *389 unless allowing the inmate to do so will be unduly hazardous to institutional safety or correctional goals. We found that such a requirement does not interfere with prison officials' great discretion to refuse to call witnesses whose testimony is irrelevant or unnecessary, or who may undermine prison authority, and that such a requirement protects the rights of charged inmates. See Baxter v. Nebraska Dept. of Corr. Servs., supra.
In addition to allowing an inmate to call witnesses with relevant knowledge, § 83-4,122(4) and 68 Neb. Admin. Code, ch. 6, § 006.07 also require that an inmate be allowed to present relevant documentary evidence in the inmate's defense when permitting the inmate to do so will not be unduly hazardous to institutional safety or correctional goals. Thus, like a request to call a witness with relevant knowledge, a charged inmate's request to produce relevant documentary evidence should also generally be permitted, unless allowing the inmate to do so will be unduly hazardous to institutional safety or correctional goals.
Further, when the disciplinary committee declines a charged inmate's request to produce relevant documentary evidence, the committee should make a finding regarding the reasons for denial of the request. Such a requirement protects the rights of charged inmates and does not interfere with prison officials' great discretion to refuse to allow production of documentary evidence which is irrelevant or unnecessary, or which may undermine prison authority.
In the instant case, the Committee denied Barnes' request to produce as evidence the videotape of the alleged incident without finding that the videotape was irrelevant or that producing the videotape would be unduly hazardous to institutional safety or correctional goals. The Committee's failure to do so violates both § 83-4,122(4) and 68 Neb. Admin. Code, ch. 6, § 006.07. Therefore, we affirm the order of the district court reversing the decision of the Appeals Board.
We need not reach the issue of whether there is competent evidence in the record to support the findings of both the Appeals Board and the Committee. See Kelly v. Kelly, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court is not obligated to engage in analysis which is not necessary to adjudicate case and controversy before it).
AFFIRMED.