Wilbur JOHNSON, a/k/a Wilbur Shabazz, Carl Vincent Henry, Ronald D. Payne, Defendants below, Appellants,

v.

STATE of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 12, 1977.

Decided Oct. 21, 1977.

---

Robert D. Graham, Asst. Public Defender, Wilmington, for defendants below, appellants.

Gregg E. Wilson, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

The defendant Wilbur Johnson, a/k/a Wilbur Shabazz, was convicted of escape after conviction, 11 *Del.C.* § 1253, and second degree conspiracy, 11 *Del.C.* § 511; the defendants Carl Vincent Henry and Robert Payne were convicted of attempted escape after conviction and second degree conspiracy. They appeal their convictions on the ground that the Trial Court erred in requiring them to make a pretrial offer of proof in support of their defense of justification.

I.

The defendants escaped from the Delaware Correctional Center. Henry and Payne were apprehended within minutes; Johnson was apprehended approximately 40 hours later. Prior to the trial, the defendants advised the Trial Court of their intention to present the defense of justification by reason of objectionable living conditions at the Correctional Center. The Trial Court required the defendants to make a pretrial proffer of the evidence they intended to adduce in support of this defense. An *in camera* hearing for this purpose[1] was

---

1. An additional, but not insubstantial, reason for requiring the pretrial offer of proof was that the State had filed a motion under Superior Court Criminal Rule 17 to quash a 20 paragraph subpoena duces tecum which defendants had served on the Department of Corrections. The subpoena, which the State asserted in a motion to quash was unreasonable, oppressive, and irrelevant, sought, among other things, all records, from 1971 to the date of the trial, pertaining to all prison escapes, homosexual attacks, deaths, fires, fights among prisoners and fights between prisoners and correctional officers, and the prisoner transfer procedure at the Delaware Correctional Center. Since the records to be produced would have been extremely voluminous, the Trial Court found it necessary to require the offer of proof as to the relevance of these items in order to decide

held on the Friday before the Monday on which the trial commenced. Under protest, the defendants made a proffer of evidence to support their defense of justification. The Trial Court found the evidence inadequate to support the defense and ruled it inadmissible at the trial. The defendants offered no other defense and were convicted; this appeal followed. We affirm.

## II.

■ Defendants first contend that it was error for the Trial Court to have required a pretrial offer of proof to substantiate their defense since there is no case or statutory authority to support such requirement and since there were no facts adduced necessitating such proffer.

As the basis for requiring the pretrial proceedings, the Trial Court expressed three concerns: first, the Court sought to control the trial by insuring that only relevant and material evidence was presented; [2] second, by allowing only relevant evidence to be introduced, the Court sought to prevent an unnecessarily lengthy trial, thereby saving time and public expense; and third, the Court sought to prevent an abuse of process whereby unnecessary witnesses and records would be summoned into Court. The Trial Court concluded that these considerations, on the one hand, and the rights of the defendants to a meritorious defense, on the other, could be balanced by requiring a pretrial proffer and making a pretrial determination under the tests for the defense of justification in an escape case as set forth in *People v. Lovercamp*, Cal.App., 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1975).

The concerns thus articulated by the Court, and the action taken by it in the implementation of those concerns, were entirely proper. Considering the number of defendants and the amount of evidence that might have been offered, as evidenced by

the subpoena duces tecum,[3] it was entirely proper for the Trial Court to settle pre-trial as many questions of law as possible, including questions of relevancy and adequacy of certain lines of evidence. The undesirable alternative would have been undue interruptions of the trial, necessitating removal of the jury, for an offer of proof each of the many times the defendants would seek, over objection, to introduce evidence in support of their defense which would ultimately be found inadequate to take the defense to the jury. The defendants have been unable to show prejudice resulting from being obliged to make their proffer of proof on the Friday before the Monday of trial, rather than at the trial itself.

We conclude, therefore, that there was no abuse of discretion, or other error, by the Trial Court in requiring pretrial offer of proof on the defense of justification.

■ Furthermore, there was no error in requiring that the evidence offered be adequate to support the tests for justification set forth in *Lovercamp.* Under *Lovercamp,* justification is available as a defense to the charge of escape from prison only when:

"(1) The prisoner is faced with a specific threat of death, forcible sexual attack or substantial bodily injury in the immediate future;

(2) There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory;

(3) There is no time or opportunity to resort to the courts;

(4) There is no evidence of force or violence used towards prison personnel or other 'innocent' persons in the escape; and

(5) The prisoner immediately reports to the proper authorities when he has

---

which items the State should be required to produce.

**2.** It is manifest that the defendants planned to use this trial as a forum to publicize and "try" conditions at the Correctional Institution which they found objectionable.

**3.** Four other inmates, charged with simultaneous escape or attempted escape, were tried jointly with these defendants.

**1132** ■

attained a position of safety from the immediate threat."

By thus expressing approval of the *Lovercamp* tests, and thereby recognizing the availability of justification as a defense to escape under certain circumstances, we do not mean to discount *State v. Palmer,* Del. Gen.Sess., 72 A.2d 442 (1950). There the Court stated that "a plea of justification of escape based upon intolerable prison conditions, if permissible at all, would be recognized only in the most extreme situations". The *Lovercamp* tests set forth "extreme situations" in which the defense of justification may be applicable; as such, *Lovercamp* is consistent with *Palmer*.

### III.

■ The defendants also contend that requiring the pretrial proffer violated their rights to equal protection of the laws and due process of the law. More particularly, they argue that other defendants who have sought to raise the defense of justification to escape have not been required to make a pretrial offer of proof sufficient to meet the *Lovercamp* tests; the defendants also argue that the pretrial denial of the defense of justification deprived them of their only available defense.

As authority to support their claim in this regard, the defendants cite only unreported *State v. Buckingham,* Del.Super. (I 76-02-0258) (1976). In *Buckingham,* an escape case, the Trial Court did not require a pretrial offer sufficient to meet the *Lovercamp* tests; it did, however, condition an instruction on justification upon the presentation of relevant evidence sufficient to meet the *Lovercamp* tests. It appears that the difference between *Buckingham* and the instant case is a matter of procedure only; in each case, the defendant was required to offer adequate relevant evidence to meet the *Lovercamp* tests before the justification defense could be considered in the case. There is no merit in the equal protection contention.

■ The due process argument is likewise without merit. Citing *Lovercamp* as their only authority, the defendants argue

that the sufficiency of the evidence to meet *Lovercamp* is a question for the trier of fact after considering all the circumstances; that, therefore, in not submitting the evidence to the jury, the Trial Court deprived them of their only defense and, thereby, a true adversary proceeding. This contention disregards the basic role of the Trial Judge in determining the adequacy of evidence to support a defense.

*   *   *

Affirmed.