IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARVIN HOLMES, | § | |
| | § | |
| Defendant-Below, | § | No. 612, 2013 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1210015494 |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: June 6, 2014
Decided:   July 17, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

# **O R D E R**

This 17th day of July 2014, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:

(1)    On August 15, 2013, a Superior Court jury found the appellant, Marvin Holmes, guilty of escape after conviction under 11 *Del. C.* § 1253.[1]  On October 18, 2013, the Superior Court declared Holmes to be a habitual offender under 11 *Del. C.* § 4214(a) and sentenced him to eight years of Level V imprisonment.  This is Holmes' direct appeal.

---

[1] Holmes requested, and was permitted, to represent himself with the assistance of standby counsel at trial.  Holmes represents himself on this appeal.

(2) The evidence presented at trial established that, in October 2012, Holmes was serving a Level IV work release sentence at the Plummer Community Corrections Center ("Plummer") after a violation of probation ("VOP"). On October 22, 2012, Holmes left Plummer on a half-day pass and did not return. In February 2013, the United States Marshal Service detained Holmes in Philadelphia and returned him to Plummer.

(3) Holmes raises multiples issues on appeal, which may fairly be summarized as follows: (i) he was justified in failing to return to Plummer because the State falsely accused him of attempted rape and strangulation in another matter, which caused him to suffer at Plummer and to be publicly attacked on the street; (ii) his rights were violated at a May 24, 2012 VOP hearing; (iii) the circumstances surrounding his 2011 guilty plea to the aggravated menacing conviction underlying his VOP were unfair; (iv) he received ineffective assistance of counsel; (v) he was subjected to vindictive prosecution; (vi) the trial court erred by refusing to admit certain documents into evidence; (vii) he has been subjected to double jeopardy; (viii) his actions did not satisfy the standard for escape after conviction; and (ix) he was denied a fair trial. We find no merit to Holmes' claims and affirm.

(4) Holmes' arguments regarding attempted rape and strangulation charges that were brought against him, and then dismissed, in another matter are difficult to follow. Holmes appears to argue that he was justified in not returning

2

to Plummer because the charges caused him to have problems at Plummer and led to a public attack while he was out on a pass on October 22, 2012. There is little indication in the trial record that Holmes raised a justification defense at trial. Holmes did not request a jury instruction on justification. He did not testify or try to testify about problems he allegedly suffered at Plummer or the attack he allegedly suffered on October 22, 2012. At trial, Holmes' primary defense was that a VOP was not a conviction for purposes of escape after conviction under 11 *Del. C.* § 1253.[2] The only indication that Holmes tried to raise a justification defense at trial is that he asked a Plummer employee to describe the nature of the problems Holmes had at Plummer.[3] The trial judge sustained the prosecutor's objection to that question on the grounds of relevance.[4]

(5) Assuming Holmes' question regarding his problems at Plummer was an effort to raise a justification defense at trial, we review the Superior Court's evidentiary ruling for abuse of discretion.[5] "An abuse of discretion occurs when 'a court has . . . exceeded the bounds of reason in view of the circumstances, [or] so

---

[2] Holmes does not make this argument on appeal and has therefore waived it. *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997). This Court has rejected the argument that a defendant is not guilty of escape after conviction when he escapes while serving a sentence after a violation of probation. *Gibbs v. State*, 2005 WL 535011, at *2 (Del. Feb. 4, 2005).

[3] Appendix to State's Answering Brief at B23.

[4] *Id.*

[5] *Manna v. State*, 945 A.2d 1149, 1153 (Del. 2008).

3

ignored recognized rules of law or practice so as to produce injustice.'"[6] Claims that the trial judge violated a defendant's Sixth Amendment right to present a defense are reviewed *de novo*.[7] Justification is only available as a defense to escape after conviction when: (i) the prisoner is faced with a specific threat of death, forcible sexual attack, or substantial bodily injury in the immediate future; (ii) there is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory; (iii) there is no time or opportunity to resort to the courts; (iv) there is no evidence of force or violence used towards prison personnel or other innocent persons in the escape; and (v) the prisoner immediately reports to the proper authorities when he has attained a position of safety from the immediate threat.[8] Holmes' conclusory and unsubstantiated contentions do not satisfy this standard. Holmes identifies no specific or immediate threats of death, forcible sexual attack or substantial bodily injury he faced at Plummer, he fails to show that he had no time or opportunity to resort to the courts to the extent that he was harassed at Plummer or attacked outside of Plummer, and he does not claim that he immediately reported to the

---

[6] *Lilly v. State*, 649 A.2d 1055, 1059 (Del. 1994) (quoting *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del. 1988)).

[7] *Coles v. State*, 959 A.2d 18, 24 (Del. 2008).

[8] *Johnson v. State*, 379 A.2d 1129, 1131 (Del. 1977) (citing *People v. Lovercamp*, 43 Cal. Rptr. 110, 112 (Cal. Ct. App. 1974)).

proper authorities after he was allegedly attacked while out of Plummer on a pass on October 22, 2012. Holmes could not have raised a justification defense as a matter of law and his problems at Plummer were not relevant to the escape after conviction charge.[9] Therefore, the trial court did not err in sustaining the prosecutor's relevance objection regarding the nature of Holmes' problems at Plummer.

(6) Holmes next asserts that his rights were violated at the May 24, 2012 VOP hearing that led to the Superior Court sentencing him to time at Plummer. Holmes' complaints regarding the May 24, 2012 hearing are outside the scope of this appeal. Holmes could have appealed the May 24, 2012 VOP order or filed a motion for postconviction relief under Superior Court Criminal Rule 61, but did not do so. He cannot use this direct appeal of his conviction for escape after conviction to attack the May 24, 2012 VOP order belatedly.[10] The circumstances of Holmes' 2011 guilty plea to aggravated menacing, the conviction underlying his probation violation, are also irrelevant to this appeal. Holmes could have appealed

---

[9] *E.g., Williams v. State*, 2014 WL 708445, at *2-3 (Del. Feb. 19, 2014) (concluding defendant who claimed he did not return to custody because he has trying to help his daughter who was suicide risk did not have justification defense as matter of law); *Johnson*, 379 A.2d at 1130-32 (finding trial judge did not err in concluding that evidence of objectionable living conditions at correctional center was inadequate to meet standard for justification defense and inadmissible).

[10] *Cf. Eley v. State*, 2006 WL 435592, at *1 (Del. Feb. 21, 2006) (finding appellant could not collaterally attack sentences on convictions underlying VOP in appeal from VOP); *Fisher v. State*, 2003 WL 1443050, at *2 (Del. Mar. 19, 2003) (finding appellant who appealed denial of reduction of VOP sentence could not use appeal to collaterally attack merits of VOP finding that he had not appealed).

5

his guilty plea or filed a motion for postconviction relief under Superior Court Criminal Rule 61, but did not do so. He cannot use this direct appeal to challenge his 2011 conviction for aggravated menacing belatedly. If Holmes is trying to argue that he was justified in leaving Plummer because he was not serving a legal sentence there, such a claim does not constitute a defense to escape after conviction.[11]

(7) As to Holmes' ineffective assistance of counsel claims (which appear to be based on counsel's actions before and after Holmes chose to represent himself), this Court will not consider those claims for the first time on direct appeal.[12]

(8) Holmes' vindictive prosecution claim is based on the State's ultimate decision to charge him with escape after conviction, rather than a lesser charge. As long as probable cause exists to believe an accused has committed a criminal offense defined by statute, the decision to prosecute and the charges to bring are

---

[11] *Williams v. State*, 2012 WL 2914041, at *2-3 (Del. July 16, 2012) (stating that even if defendant could show he should have been released before escape date, illegal sentence does not justify escape after conviction). *See also State v. Palmer*, 72 A.2d 442, 445 (Del. Gen. Sess. 1950) (preferring line of authority that holds "[r]egardless of the irregularity of the confinement, the prisoner has no right to break jail because the writ of habeas corpus is always available to determine the lawfulness of his incarceration, and having failed to adopt the recognized legal means of securing his release, he cannot defend his escape by pleading the invalidity of his commitment.").

[12] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

matters within the discretion of the prosecutor.[13] The record reflects there was probable cause to charge Holmes with escape after conviction. Thus, there is no merit to Holmes' claim of vindictive prosecution.

(9) Holmes next claims that the Superior Court should have admitted a copy of the indictment for escape after conviction that he received without the foreperson's signature, as well as a criminal status sheet showing he was originally indicted for second degree escape. This Court reviews evidentiary rulings of the Superior Court for an abuse of discretion.[14] The record reflects that there was a copy of the indictment for escape after conviction signed by all of the necessary parties.[15] Holmes' receipt of a copy of the indictment that was not signed by the grand jury foreperson does not make the signed indictment defective or provide him with a defense to the charge of escape after conviction. As far as Holmes' original indictment for escape in the second degree, he was not on trial for second degree escape and the original indictment was not relevant to his trial for escape after conviction. The record reflects that the Superior Court did not abuse its discretion in ruling that Holmes' receipt of an indictment for escape after conviction without the foreperson's signature and the criminal status sheet showing

---

[13] *Albury v. State*, 551 A.2d 53, 61 (Del. 1988).

[14] *Manna*, 954 A.2d at 1153.

[15] Superior Court Criminal Docket Entry No. 7.

7

he was originally indicted for second degree escape were irrelevant and inadmissible.

(10) In the appendix accompanying his opening brief, Holmes appears to argue that the jury should have received an instruction for a lesser charge.[16] Holmes was required to raise this argument in the body of his opening brief, not his appendix.[17] Holmes also failed to request a jury instruction for an offense other than escape after conviction during his trial. Therefore, this claim is waived absent plain error.[18] An error is plain when it is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[19] There is no plain error here. The crime of escape after conviction requires that the defendant escape from a detention facility or the custody of the Department of Correction "after entering a plea of guilty or having been convicted."[20] The crimes of second degree escape and third degree escape do not include the element of a guilty plea or conviction.[21] The Superior Court "is not obligated to charge the jury with respect

---

[16] Appendix for Marvin Holmes' Opening Brief at 7A.

[17] Supr. Ct. R. 14; *Ploof v. State*, 75 A.3d 811, 822-23 (Del. 2013).

[18] Supr. Ct. R. 8; *Harris*, 968 A.2d at 35.

[19] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[20] 11 *Del. C.* § 1253.

[21] 11 *Del. C.* § 1251 (providing that a person is guilty of escape in third degree when person escapes from custody, including placement in nonsecure facilities by Division of Youth Rehabilitative Services); 11 *Del. C.* § 1252 (providing that a person is guilty of escape in second

to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."[22]  There was no rational basis in the evidence for a verdict acquitting Holmes of escape after conviction and convicting him of second degree or third degree escape.  At the time Holmes failed to return to Plummer, he was serving a sentence on an underlying criminal conviction.  The reality that he was serving that sentence at Plummer because of a VOP does not mean that Holmes was not in custody "after . . .having been convicted."[23]

(11)   Holmes next claims that he was subjected to double jeopardy because his escape from Plummer was the basis for both a VOP finding[24] and a separate conviction for escape after conviction.  This Court has previously held that double jeopardy is not implicated when conduct that led to new criminal charges also formed the basis of a VOP charge.[25]  Thus, this claim lacks merit.

---

degree when person escapes from detention facility or custody of Department of Health and Social Services or Department of Correction).

[22] 11 *Del. C.* § 206(c).

[23] 11 *Del. C.* § 1253.

[24] *Holmes v. State*, 2013 WL 5969080 (Del. Nov. 6, 2013).

[25] *Waters v. State*, 2012 WL 1655706, at *1 (Del. May 9, 2012) ("[B]ecause a VOP hearing does not constitute a separate criminal prosecution, double jeopardy is not implicated."); *Dorman v. State*, 2001 WL 233655, at *2 (Del. Mar. 6, 2001) (rejecting defendant's argument that he was subjected to double jeopardy by conviction for escape after conviction and violation of probation based on his escape).

(12) Holmes next argues that he was not guilty of escape after conviction because he had permission to leave Plummer, he did not plan to escape, and he did not commit any violence in his escape. A person is guilty of escape after conviction "if such person, after entering a plea of guilty or having been convicted by the court, escapes from a detention facility or other place having custody of such person or from the custody of the Department of Health and Social Services or the Department of Correction."[26] Contrary to Holmes' suggestion, Section 1253 is not limited to defendants who escape prison by force. Section 1253 also applies to defendants like Holmes who fail to return to custody.[27] At trial, Holmes testified that he was in custody for a VOP at Plummer, he knew he was supposed to return on October 22, 2012, and he failed to do so.[28] The elements of Section 1253 were satisfied.

(13) To the extent Holmes is challenging the sufficiency of the evidence on appeal, challenges to the sufficiency of evidence are reviewed to determine "whether any rational trier of fact, viewing the evidence in the light most favorable

---

[26] 11 *Del. C.* § 1253.

[27] *Williams v. State*, 2014 WL 642281, at *2 (Del. Feb. 7, 2014) (affirming conviction of defendant who failed to return after receiving pass); *Forehand v. State*, 997 A.2d 673, 675 (Del. 2010) (affirming conviction of defendant who failed to return to Plummer while on work release and was apprehended a week later); *Smith v. State*, 361 A.2d 237, 238 (Del. 1976) (affirming conviction of defendant who failed to return from 48 hour furlough).

[28] Appendix to State's Opening Brief at B31.

10

to the State, could find the defendant guilty beyond a reasonable doubt."[29]  In light of the record, a rational jury could find Holmes guilty beyond a reasonable doubt of escape after conviction.

(14)  Finally, Holmes claims he was denied a fair trial.  Most of the grounds for this claim have already been addressed, but Holmes also claims that members of the jury pool admitted to seeing him on television in connection with the rape charge and that the trial judge wrongly precluded him from calling his standby counsel to testify.  The transcript of the jury selection does not support Holmes' contention that members of the jury pool admitted to seeing him on television for the rape charge.  The transcript only reflects that one potential juror said Holmes looked familiar to her, without explaining why, and another potential juror said she had previously worked with Holmes.[30]  Both potential jurors were dismissed from the jury pool.[31]  As far as Holmes' standby counsel testifying, Holmes stated that he wanted to ask his counsel questions concerning the difference between escape and escape after conviction and whether the prosecutor had informed him that she wanted Holmes "nailed to the wall."[32]  The trial judge did not abuse her discretion

---

[29] *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991).

[30] Appendix to State's Answering Brief at B14.

[31] *Id.*

[32] *Id.* at B29.

11

in finding that testimony regarding the difference between escape and escape after conviction would constitute an impermissible legal opinion. The trial judge also did not err in finding that the prosecutor's alleged statements to Holmes' counsel were irrelevant.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice